1 | Steele N. Gillaspey, Esq.
State Bar No. 145935
2 | **GILLASPEY & GILLASPEY**
The NBC Tower
3 | 225 Broadway, Suite 2220
San Diego, California        92101
4 | Telephone:        619.234.3700
Attorney for Plaintiff,
5 | STORZ PERFORMANCE, INC.

FILED
07 NOV 27 PH 12: 13
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____

DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STORZ PERFORMANCE, INC., a California corporation, | Case No. 07 CV 2242 W (WMC) |
| Plaintiff, | **COMPLAINT FOR INFRINGEMENT OF REGISTERED UNITED STATES TRADEMARK AND RELATED CLAIMS** |
| vs. | |
| MOTO ITALIA, form unknown; LESLIE BULL, an individual; CYCLE PERFORMANCE PRODUCTS, INC.; JOHN BASORE, an individual, and, DOES 1 to 100, Inclusive, | |
| Defendants. | |

Honorable
United States District Court Judge

Honorable
United States Magistrate Judge

ORIGINAL

**COMES NOW** the Plaintiff herein, STORZ PERFORMANCE, INC., which alleges as follows against Defendants and each of them as follows:

## JURISDICTION AND VENUE

1.     This is a civil action of which this Court has original jurisdiction under 28 USC §§ 1331, 1338(a) [federal question- Patents and Trademarks], and 28 USC § 1367(a) [Supplemental] and as alleged herein. Plaintiff states that the amount in controversy exceeds $75,000 and that the state law claims alleged herein arise from a nucleus of operative facts common to those grounded upon federal law.

2.     Venue is proper in this Court under 28 USC § 1391 and because Defendants have committed within this District acts of trademark infringement and other actionable conduct as alleged herein, including, but not limited to, sale and/or solicitation of sale and/or use of products, namely, specialty motorcycle suspension systems under the trademarked name 'CERIANI'. On information and belief, Defendants, and others, have directed infringing activities to this jurisdiction and maintain an active infringing use of the STORZ mark 'CERIANI' through such methods as, *inter alia*, an internet web site accessible to residents of this District

## PARTIES

3.     Plaintiff STORZ PERFORMANCE, INC. [hereinafter "STORZ"] is, and at all times herein mentioned was, a corporation organized and existing under the laws of California. STORZ is the owner of United States Trademark Registration No. 1,927,816 for the mark 'CERIANI' for motorcycle suspension systems, as issued by the United States Patent & Trademark Office on October 17, 1995 [EXHIBIT 1]. On December 4, 2000, the U.S. District Court entered judgment in favor of STORZ in the case of Storz Performance vs. Chrome Specialties, et al., inclusive of STORZ ownership of the CERIANI mark, validity of the CERIANIA mark, defendants' infringement of mark, defendants' unfair competition, and entry of permanent injunction. On October 29, 2001, the United States Patent & Trademark Office ("USPTO") granted incontestable status to the mark CERIANI under § 15 of the Act. On March 13, 2003, the U.S. District Court entered judgment in favor of STORZ in the case of Storz Performance vs. Transworld, Wind, Boni, et al., inclusive of STORZ ownership of the incontestable mark CERIANI, the validity of the

1  incontestable mark CERIANI, the STORZ design patent (U.S. D417,416); defendants' infringement

2  of STORZ intellectual properties, monetary damages, attorneys' fees and costs, and entry of

3  permanent injunction.

4       4.       Defendant MOTO ITALIA [hereinafter "MOTO"] on information and belief is, and

5  at all times mentioned herein was, a company (status presently unknown), located in California,

6  doing business throughout the United States, including California and within this Southern District

7  of California, specifically including, but not limited to, the unconsented use of the STORZ'S

8  trademark "CERIANI" in conjunction with the sale, solicitation for sale, and/or use with motorcycle

9  suspension systems. MOTO, on information and belief, generally or specifically does business in

10  this District, and directs its' business activities, in a regular and systematic manner inclusive of

11  through use of the internet, to this District, individually and/or in conjunction with the co-defendants.

12  On further information and belief, STORZ alleges that MOTO imports infringing products into this

13  country via a foreign company, whose identity is presently unknown with requisite certainty.

14       5.       Defendant LESLIE BULL, [hereinafter "BULL"] on information and belief, is an

15  individual, and an officer and/or director and/or owner of MOTO.   On further information and

16  belief, BULL maintained or maintains a presence in, and does business in California, and directs the

17  infringing activities of MOTO as set forth in ¶ 4, above.

18       6.       Defendant CYCLE PERFORMANCE PRODUCTS, INC., [hereafter "CYCLE"], on

19  information and belief, is and was at all times hereto relevant, a foreign corporation, status presently

20  unknown, doing business throughout the United States, including California and within this Southern

21  District of California, specifically including, but not limited to, the unconsented use of the STORZ'S

22  trademark "CERIANI" in conjunction with the sale, solicitation for sale, and/or use with motorcycle

23  suspension systems. CYCLE, on information and belief, generally or specifically does business in

24  this District, and directs its' business activities, in a regular and systematic manner inclusive of use

25  of the internet, to this District, inclusive of in conjunction with MOTO and/or BULL.  Plaintiff is

26  further informed and believes that CYCLE imports infringing products into this country via a foreign

27  company (identity presently unknown), either separately or in conjunction with MOTO and BULL.

28  ///

7.      Defendant JOHN BASORE, [hereinafter "BASORE"] on information and belief, is an individual, and an officer and/or director and/or owners of CYCLE. On further information and belief, BASORE maintained or maintains a presence in, and does business in California, and directs the infringing activities of CYCLE to this District as set forth in ¶ 5, above. On further information and belief, Plaintiff alleges that BASORE is in active concert with MOTO and/or BULL in the complained of infringing conduct, inclusive of directing acts of infringement by CYCLE.

8.      STORZ is ignorant of the true names and capacities of those defendants DOES 1 to 100, inclusive, and for that reason sues such defendants by such fictitious names. Plaintiff is informed and believes, and on such information and belief, alleges that the fictitiously named defendants, and each of them, are responsible and liable in some manner for the damages sustained by Plaintiff. Plaintiff will seek leave of this Court to amend this Complaint when the true names and capacities of said defendants are ascertained with requisite certainty.

9.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants was the agent of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of his and\or its co-defendants.

///

///

# FIRST CLAIM FOR RELIEF

[Trademark Infringement-Registered Mark-CERIANI®]

10.     STORZ realleges and incorporates Paragraphs 1 through 9 hereinabove, as though set forth at length herein. All causes of action in this Complaint are pled in the alternative.

11.     This Claim for Relief arises under the laws of the United States, including, but not limited to, The Lanham Act, (hereafter "the Act") 15 USC §§ 1114, et seq.

12.     STORZ is the owner of United States Trademark Registration Number 1,927,816 for the trademark 'CERIANI®' for motorcycle suspension systems. Said trademark was issued to STORZ by the United States Patent & Trademark Office on October 17, 1995 [**EXHIBIT 1**].

13.     Said mark has been, and is, in continuous use, and on October 29, 2001, was granted incontestable status by the USPTO under § 15 of the Act.

14.     On December 4, 2000, the U.S. District Court entered judgment in favor of STORZ in the case of Storz Performance vs. Chrome Specialties, et al., inclusive of STORZ ownership of the CERIANI mark, validity of the CERIANI mark, defendants' infringement of mark, defendants' unfair competition, and entry of permanent injunction.

15.     On March 13, 2003, the U.S. District Court entered judgment in favor of STORZ in the case of Storz Performance vs. Transworld, Wind, Boni, et al., inclusive of STORZ ownership of the incontestable mark CERIANI, the validity of the incontestable mark CERIANI, the STORZ design patent (U.S. D417,416); defendants' infringement of STORZ intellectual properties, monetary damages, attorneys' fees and costs, and entry of permanent injunction.

16.     MOTO and CYCLE, and BULL and BASORE, individually and, by individual direction, through MOTO and CYCLE, are presently marketing, offering for sale, and on information and belief, selling motorcycle suspension systems using the STORZ trademark CERIANI®.

17.     STORZ is further informed and believes that MOTO, CYCLE, BULL and BASORE are acting in concert with a foreign company and are importing such infringing articles into this country, including California and that all defendants are jointly infringing and acting in partnership with each other.

///

1     18.    STORZ has not granted any consent, express or implied, to MOTO, CYCLE, BULL

2  or BASORE for the use of the registered mark CERIANI.

3     19.    STORZ has, prior to the filing of this action, informed BASORE, and therefore all

4  defendants, of U.S. Trademark Registration No. 1,927,816.

5     20.    Defendants, despite receiving notification of STORZ' U.S. Trademark Registration

6  No. 1,927,816, used and continues to use the registered mark CERIANI without the consent of

7  STORZ in connection with motorcycle suspension systems.

8     21.    MOTO and CYCLE are entities which, jointly with BULL and BASORE, without

9  the consent of the registrant, STORZ, use in commerce [including within this District] the registered

10  mark CERIANI in connection with the import for sale, sale, offering for sale, distribution, or

11  advertising of motorcycle suspension systems, which unconsented use is likely to cause confusion,

12  or to cause mistake, or to deceive.

13     22.    MOTO and CYCLE are entities which, jointly with BULL and BASORE, without

14  the consent of the registrant, STORZ, reproduce, counterfeit, copy, or colorably imitate the registered

15  mark CERIANI and apply such reproductions, counterfeits, copies, or colorable imitations of the

16  registered mark 'CERIANI' to labels, signs, prints, packages, wrappers, receptacles or advertisements

17  intended to be used in commerce [including within this District] or in connection with the sale,

18  offering for sale, distribution, or advertising of motorcycle suspension systems, which unconsented

19  use is likely to cause confusion, or to cause mistake, or to deceive.

20     23.    STORZ is informed and believes that defendants are not innocent infringers, rather

21  that such infringements on the part of defendants are knowing, willful and intentional in the face of

22  actual notice.

23     24.    As a direct and proximate result of the acts of trademark infringement as set forth

24  hereinabove, STORZ is entitled to injunctive relief, temporary, preliminary and permanent,

25  restraining MOTO, CYCLE, BULL and BASORE, and all persons and entities acting in concert with

26  them from further and continued acts of trademark infringement, in accord with, *inter alia*, The

27  Lanham Act, § 35; 15 USC § 1116, and FRCP, Rule 65.

28  ///

1    25.    As a direct and proximate result of the acts of trademark infringement as set forth

2    hereinabove, STORZ entitled to an accounting of defendants' respective books and records to

3    determine the totality of defendants' profits from said infringements.

4    26.    As a direct and proximate result of the acts of trademark infringement as set forth

5    hereinabove, STORZ is entitled to recover all defendants' respective sales and profits arising from

6    their acts of trademark infringement as set forth herein.

7    27.    As a direct and proximate result of the acts of trademark infringement as set forth

8    herein, STORZ is entitled to recover all damages incurred as a result of defendants' acts of trademark

9    infringement.

10    28.    As a direct and proximate result of the acts of trademark infringement as set forth

11    herein, specifically the intentional nature of the infringement, STORZ is entitled to recover treble

12    the amount of actual damages established.

13    29.    As a direct and proximate result of the acts of trademark infringement as set forth

14    hereinabove, STORZ is entitled to an award of its attorneys fees and costs incurred in this action,

15    pursuant to, *inter alia*, The Lanham Act, § 35 [15 USC § 1117].

16    30.    As a direct and proximate result of the acts of trademark infringement as set forth

17    hereinabove, STORZ is entitled to orders of impoundment and destruction of all defendants' items

18    bearing the mark CERIANI in accord with, *inter alia*, 15 USC §' 1118.

19    31.    As a direct and proximate result of the acts of trademark infringement as set forth

20    herein, STORZ has been damaged in a sum or sums presently unknown, but which will be proven

21    at the time of trial, but in excess of $ 75,000.00, including, but not limited to, increased damages and

22    additional remedies under 15 USC §' 1117.

23    ///

24

25

26

27

28    ///

# SECOND CLAIM FOR RELIEF

[Trademark Infringement-Lanham Act, § 43(a)-CERIANI®]

32.    STORZ realleges and incorporates Paragraphs 1 through 31 hereinabove, as though set forth at length herein.  All causes of action in this Complaint are pled in the alternative.

33.    This Claim for Relief arises under the laws of the United States, including, but not limited to, The Lanham Act, § 43(a) [15 USC §§ 1125(a), et seq].

34.    STORZ is the owner of the valid trademark CERIANI for motorcycle suspension systems and has used said mark continuously in commerce for many years.  The mark CERIANI is an arbitrary and fanciful mark, inherently distinctive, which serves to identify a particular source, i.e.: motorcycle suspension systems by STORZ.  The mark CERIANI is a qualifying, protectable mark within the meaning of, *inter alia*, the Lanham Act.

35.    MOTO and CYCLE are entities which, jointly with BULL and BASORE, are presently marketing, offering for sale, and on information and belief, selling motorcycle suspension systems using the STORZ CERIANI trademark.

36.    Defendants, on information and belief, are importing infringing products, in concert with others, into California and elsewhere in the United States.

37.    STORZ has not granted any consent, express or implied, to MOTO, CYCLE, BULL or BASORE for the use of the mark 'CERIANI'.

38.    STORZ has, prior to the filing of this action, informed defendants of STORZ' use and ownership of the mark, CERIANI.

39.    Defendants, despite receiving notification from STORZ, have used and continue to use the mark CERIANI without the consent of STORZ, in connection with, *inter alia*, the advertising of, use of, designation of, and/or solicitation of sale of motorcycle suspension systems.

40.    MOTO and CYCLE are entities which, together with BULL and BASORE, without the consent of STORZ, in connection with motorcycle suspension systems, and/or any container for such goods, uses in commerce the word, term, name, and/or symbol CERIANI.

///

41.     Such use by defendants constitutes a false designation of origin, false or misleading description of fact, and/or false and misleading representation of fact which is likely to cause confusion, or to cause mistake, or deceive as to the affiliation, connection or association of defendants and STORZ or as to the origin, sponsorship, or approval of defendants' goods or commercial activities by STORZ, where no such connection, association or approval exists.

42.     Defendants, in commercial advertising or promotion, misrepresent the nature, characteristics, qualities or geographic origin of the STORZ CERIANI motorcycle suspension systems in commercial activities in such a manner as is likely to cause confusion, or to cause mistake, or to deceive.

43.     Defendants' use of the mark CERIANI constitutes a use of the same or similar mark on the same or similar goods, namely, motorcycle suspension systems, as that of STORZ.

44.     Defendants' use of the mark CERIANI is directed and used in the same channels of commerce and marketing, and sales efforts target the same arena of the purchasing public.

45.     STORZ is informed and believes, and based thereupon alleges that defendants commenced using the mark CERIANI, in bad faith, to palm off the good will, reputation and recognition of the STORZ mark; that such action was taken intentionally, with prior knowledge of and in the face of, STORZ' ownership of the valid mark CERIANI.

46.     As a direct and proximate result of the acts of trademark infringement as set forth herein, STORZ is entitled to injunctive relief, temporary, preliminary and permanent, restraining defendants, and all persons and entities acting in concert with defendants from further and continued acts of trademark infringement, in accord with, *inter alia*, The Lanham Act, and FRCP, Rule 65, and for affirmative injunctive relief in the form impoundment and destruction and written notification to third parties in accordance with, *inter alia*, 15 USC §§ 1117, 1118, and FRCP, Rule 65.

///

///

1      47.    As a direct and proximate result of the acts of trademark infringement as set forth

2 hereinabove, STORZ entitled to an accounting of defendants' respective books and records to

3 determine defendants' respective profits from said infringement.

4      48.    As a direct and proximate result of the acts of trademark infringement as set forth

5 hereinabove, STORZ is entitled to recover all defendants' sales and profits arising from their acts

6 of trademark infringement as set forth herein.

7      49.    As a direct and proximate result of the acts of trademark infringement as set forth

8 herein, STORZ is entitled to recover all damages incurred as a result of defendants' acts of trademark

9 infringement.

10      50.    As a direct and proximate result of the acts of trademark infringement as set forth

11 herein, specifically the intentional nature of the infringement, STORZ is entitled to recover treble

12 the amount of actual damages established.

13      51.    As a direct and proximate result of the acts of trademark infringement as set forth

14 herein, STORZ is entitled to an award of its attorneys fees and costs incurred in this action, pursuant

15 to, *inter alia*, The Lanham Act.

16      52.    As a direct and proximate result of the acts of trademark infringement as set forth

17 herein, STORZ has been damaged in a sum or sums presently unknown, but which will be proven

18 at the time of trial, but in excess of $ 75,000.00.

19 ///

20

21

22

23

24

25

26

27

28 ///

# THIRD CLAIM FOR RELIEF

[Unfair Competition-Cal. Bus. & Prof. C. §§ 17070, 17078-17082]

53.     STORZ realleges and incorporates herein Paragraphs 1 through 52 of this Complaint as though set forth at length herein. All causes of action in this Complaint are pled in the alternative.

54.     This Claim for Relief arises under the laws of the State of California which arise from a nucleus of operative facts common to those grounded upon federal law, including, but not limited to, trademark infringement under The Lanham Act, 15 USC §§ 1114, et seq. STORZ is the recognized owner of the valid trademark, CERIANI®.

55.     Defendants are importing, selling or soliciting for sale and/or using motorcycle suspension systems under the STORZ trademark, CERIANI without consent or payment for such use. Defendants are thereby, separate from the infringements, able to sell or gain good will recognition and otherwise wrongfully profit from the STORZ intellectual properties below cost due to palming off and avoidance of the expenditures required to acquire consumer recognition. Those wrongful gains, made without consent of, or payment to, STORZ constitute a purposeful intent to harm Plaintiff's legitimate interests.

56.     The conduct of Defendants, and each of them, in importing, using, selling and/or soliciting motorcycle suspension systems under the mark CERIANI and with the purposeful intent to injure Plaintiff constitutes an unfair business practice under California Business and Professions Code §§ 17070, et seq. As a proximate result thereof, Plaintiff has been deprived of the patronage of an unknown number of its actual and/or potential clientele all to its damage with said damages being trebled in recovery pursuant to statute.

57.     Defendants' use of the mark CERIANI, without the consent of STORZ, constitutes further injury to STORZ via dilution or tarnishing of the STORZ mark.

///

///

1    58.    MOTO, CYCLE, BULL, BASORE and Defendants, and each of them, threaten to,

2    and unless restrained will, disrupt Plaintiff's existing economic relationships, all to STORZ' great

3    and irreparable injury, for which damages will not afford adequate relief in that such damages will

4    not completely compensate for the injury to Plaintiff's business and goodwill. STORZ is thereby

5    entitled to injunctive relief, affirmative and negative, in accordance with, *inter alia*, <u>Civ. C</u>. §§ 525,

6    et seq., 15 USC § 1116, and <u>FRCP</u>, Rule 65.

7    59.    As a direct and proximate result of the wrongful conduct of Defendants, and each of

8    them, as alleged herein, Plaintiff has been damaged in an amount as yet unknown which exceeds the

9    statutory minimums of this Court and which will be proven at the time of trial.

10    60.    The aforementioned acts of Defendants, and each of them, were carried out with

11    malice, oppression and fraud with the intention of harming of Plaintiff and/or in conscious disregard

12    of Plaintiff's rights and safety, thereby warranting the assessment of exemplary damages against

13    Defendants, and each of them, in an appropriate amount to punish Defendants and to set an example

14    for others, pursuant to, *inter alia,* 15 USC § 1117 and/or <u>Civ.C</u>., § 3294.

15    ///

16

17

18

19

20

21

22

23

24

25

26

27

28    ///

# FOURTH CLAIM FOR RELIEF

[Common Law Unfair Competition]

61.    STORZ realleges and incorporates herein Paragraphs 1 through 60 of this Complaint as though set forth at length herein.  All causes of action in this Complaint are pleaded in the alternative.

62.    This Claim for Relief arises under the common law, and arise from a nucleus of operative facts common to those grounded upon federal law, including, but not limited to, The Lanham Act, 15 USC §§ 1114, et seq.  STORZ is the recognized owner of the valid trademark, CERIANI®.

63.    Defendants are importing, selling and/or soliciting for sale motorcycle suspension systems using the trademark CERIANI.  Said mark is owned by STORZ and defendants' use is without consent or payment for such use.  Defendants are thereby, separate from the infringements, able to sell products below cost.  That sales income, made without consent or payment to STORZ, constitutes a purposeful intent to harm Plaintiff's legitimate interests.

64.    The conduct of Defendants, and each of them, in selling their products at below cost with the purposeful intent to injure STORZ constitutes wilful and unfair competition under the Common Law.  As a direct and proximate result thereof, STORZ has been deprived of the patronage of an unknown number of its actual and/or potential customers, and/or other tangible or intangible benefits, all to its damage with said damages being trebled in recovery pursuant to statute and/or rights under the Common Law.

65.    Defendants threaten to, and unless restrained will, *inter alia*, disrupt Plaintiff's existing and/or potential economic relationships with its existing and/or potential customers, and/or dilute and/or tarnish the mark, all to STORZ' great and irreparable injury, for which damages will not afford adequate relief in that such damages will not completely compensate for the injury to Plaintiff STORZ' business and goodwill.  STORZ is thereby entitled to injunctive relief, affirmative and negative, per, *inter alia*, Civ.C,. §§ 525, et seq., 15 USC § 1116, and FRCP, Rule 65.

///

1    66.    As a direct and proximate result of the wrongful conduct of Defendants, and each of

2  them, as alleged herein, STORZ has been damaged in an amount as yet unknown, and as such, an

3  accounting of Defendants', and each of their books and records, will be required to ascertain with

4  requisite certainty, the wrongful profits and income gained by said Defendants.

5    67.    As a direct and proximate result of the wrongful conduct of Defendants, and each of

6  them, as alleged herein, STORZ has been damaged in an amount as yet unknown, and in accord with

7  the accounting, the creation of a constructive trust and/or equitable lien as against the profits and

8  income of Defendants, as ascertained by accounting or other methods, is just and proper to protect

9  the rightful interests of STORZ.

10    68.    As a direct and proximate result of the wrongful conduct of Defendants, and each of

11  them, as alleged herein, STORZ has been damaged in an amount as yet unknown which exceeds the

12  statutory minimums of this Court and which will be proven at the time of trial.

13    69.    The aforementioned acts of Defendants, and each of them, were carried out with

14  malice, oppression and fraud with the intention of harming of STORZ and/or in conscious disregard

15  of STORZ' rights and safety, thereby warranting the assessment of exemplary damages against

16  Defendants, and each of them, in an appropriate amount to punish Defendants and set an example

17  for others.

18  ///

19

20

21

22

23

24

25

26

27

28  ///

# FIFTH CLAIM FOR RELIEF

## [Accounting]

70.    Plaintiff realleges and incorporates herein Paragraphs 1 through 69 inclusive, as though fully set forth at length herein.    All causes of action in this Complaint are pled in the alternative, and said state claims arise from a nucleus of operative facts common to those grounded upon federal law, including, but not limited to, <u>The Lanham Act</u>.

71.    STORZ is the recognized owner of the valid trademark, CERIANI®.    The mark has been granted incontestable status by the USPTO, and two U.S. District Courts have entered judgment affirming, *inter alia*, the validity of the mark, and STORZ' ownership of said valid mark.

72.    MOTO, CYCLE, BULL, BASORE and Defendants, and each of them, infringe the STORZ mark CERIANI, by, *inter alia*, use, solicitation, import for sale, and sale of products bearing said STORZ mark.    The exact nature and extent of the wrongful financial advantage gained by Defendants, and each of them, as a consequence of the wrongful conduct alleged is so complicated and subject to deception that an ordinary legal action demanding a fixed sum is impracticable and the exact measure of STORZ' damage cannot be determined without an accounting.

73.    STORZ is therefore entitled to demand that Defendants, and each of them, account for the revenue attributable to the sale, solicitation for sale, any transfer of purported right or interest, consulting, or any income whatsoever based, in whole or part, upon motorcycle suspension systems sold or used under the name CERIANI.

74.    STORZ is informed and believes, and thereon alleges that Defendants, and each of them, have imported, solicited for sale, sold, advertised, and/or otherwise gained benefits from the use of the STORZ mark CERIANI in connection with motorcycle suspension systems.    On further information and belief, Defendants, and each of them, are in sole possession and control of all information related to such gain of income or other benefits.

///

///

75.     STORZ is entitled to an accounting from each defendant and any person or entity acting concert with defendants, including, but not limited to, any importers, contributors, distributors, suppliers, or others, and/or any agreements presently unknown, as Plaintiff is informed and believes that each person, entity, vehicle, and/or other association of any kind, has been involved, in whole or part, in the wrongful use and profit at the expense of STORZ.

76.     Plaintiff is informed and believes, and based thereupon alleges that such accounting is reasonable and necessary to determine the nature and extent of Defendants' and each of their wrongful gain of profits or other benefits, to determine any STORZ properties and assets in the present possession and control of Defendants, if any, and/or to trace the STORZ properties and assets that Defendants may have transferred, changed, otherwise disposed of, arising in whole or part from the wrongful profits and benefits gained from the use of STORZ' intellectual properties and rights.

77.     STORZ is entitled to orders of this Court requiring defendants to produce accountings of their sales of infringing products, inclusive of by way of affirmative injunctive relief.

///

///

# SIXTH CLAIM FOR RELIEF

## [Injunctive Relief]

78.     STORZ realleges and incorporates herein Paragraphs 1 through 77 of this Complaint as though set forth at length herein. All causes of action in this Complaint are pled in the alternative.

79.     This Claim for Relief arises under the laws of the United States, including, but not limited to, The Lanham Act, specifically including 15 USC § 1116 and FRCP, Rule 65.

80.     STORZ is the owner of United States Trademark Registration Number 1,927,816 for the trademark CERIANI® for motorcycle suspension systems. Said trademark was issued to STORZ by the United States Patent & Trademark Office on October 17, 1995 [**EXHIBIT 1**].

81.     Said mark has been, and is, in continuous use, and on October 29, 2001, was granted incontestable status by the USPTO under § 15 of the Act.

82.     On December 4, 2000, the U.S. District Court entered judgment in favor of STORZ in the case of Storz Performance vs. Chrome Specialties, et al., inclusive of STORZ ownership of the CERIANI mark, validity of the CERIANI mark, defendants' infringement of mark, defendants' unfair competition, and entry of permanent injunction.

83.     On March 13, 2003, the U.S. District Court entered judgment in favor of STORZ in the case of Storz Performance vs. Transworld, Wind, Boni, et al., inclusive of STORZ ownership of the incontestable mark CERIANI, the validity of the incontestable mark CERIANI, the STORZ design patent (U.S. D417,416); defendants' infringement of STORZ intellectual properties, monetary damages, attorneys' fees and costs, and entry of permanent injunction.

84.     STORZ is informed and believes, and based thereupon alleges that MOTO, CYCLE, BULL, BASORE and defendants and each of them, have imported, have imported for sale, have made, sold, used and/or advocated the use and/or are preparing to make use of articles or products responding to and coming within the scope of protection granted by STORZ' United States Trademark Registration Number 1,927,816, within the United States of America, this Southern District of California and elsewhere in the United States, wilfully and without consent of STORZ, literally, collaterally and/or by inducement of infringement.

///

85.    Defendants offer for sale and/or sells a motorcycle suspension kit product using the STORZ trademark CERIANI.

86.    Defendants, together with others acting in concert with them, import infringing products into the United States, including California.

87.    STORZ has not granted any consent, express or implied, to MOTO, CYCLE, BULL, BASORE nor those acting in concert with MOTO, CYCLE, BULL, BASORE and Defendants, and each of them, for the use of the mark CERIANI.

88.    STORZ has, prior to the filing of this action, informed a defendant of U.S. Trademark Registration No. 1,927,816.

89.    Defendants, despite knowledge of U.S. Trademark Registration No. 1,927,816, used and continue to use the mark CERIANI without the consent of STORZ and in connection with motorcycle suspension systems.

90.    MOTO and CYCLE are entities which, together with BULL, BASORE and others, without the consent of the registrant, STORZ, use in commerce [including within this District] the registered, incontestable mark CERIANI in connection with the import, sale, offering for sale, distribution, or advertising of motorcycle suspension systems, which unconsented use is likely to cause confusion, or to cause mistake, or to deceive.

91.    MOTO and CYCLE are entities which, together with BULL, BASORE and others, without the consent of the registrant, STORZ, reproduce, counterfeit, copy, or colorably imitates the registered mark CERIANI and applies such reproductions, counterfeits, copies, or colorable imitations of the registered mark CERIANI to labels, signs, prints, packages, wrappers, receptacles, websites or advertisements intended to be used in commerce [including within this District] or in connection with the sale, offering for sale, distribution, or advertising of motorcycle suspension systems, which unconsented use is likely to cause confusion, or to cause mistake, or to deceive.

92.    STORZ is informed and believes that defendants are not an innocent infringers, rather that such infringement on the part of defendants is knowing, willful and intentional.

///

93.    STORZ is informed and believes that Defendants, and each of them, are advertising, promoting, soliciting to sell and selling motorcycle suspension systems under the mark CERIANI, as established, *inter alia*, by the facts set forth in this Complaint.  STORZ has thereby been caused irreparable damage by, *inter alia*, trademark infringement, and is threatened with actual continued harm.

94.    STORZ is informed and believes, and based thereupon alleges that Defendants, and each of them, have conspired and joined with others unknown, to make, import, use, sell, promote and/or solicit to import, make, use, sell or promote motorcycle suspension systems, within the United States, and within this District, under the incontestable U.S. Registered mark CERIANI, which trademark is registered to STORZ, all without authority or consent from STORZ.

95.    STORZ is informed and believes, and based thereupon alleges that Defendants, and/or their agents, servants, distributors, representatives and/or those acting in concert with Defendants, maintain a presence in this jurisdiction and/or direct sales activities to this District, and/or do business in this District, for the purpose of importing, making, using, marketing and selling or advocating the use or sale of motorcycle suspension systems under the mark CERIANI, which trademark is registered to STORZ, all without the permission of STORZ.

96.    STORZ is further informed and believes, and based thereupon alleges that the acts of Defendants, and each of them, constitutes a violation of <u>United States Patent and Trademark Laws</u>, specifically including <u>The Lanham Act</u>, infringes the subject matter United States Trademark Registration No. 1,927,816, and constitutes an immediate, continuing and irreparable injury to the legitimate rights of STORZ, for which legal remedy is inadequate.

97.    Pursuant to, *inter alia*, <u>The Lanham Act</u>, 15 USC § 1116 and <u>FRCP</u>, Rule 65, STORZ is entitled to seek, and shall seek, relief in the form of Temporary Protective Orders, Preliminary Injunction, and Permanent Injunction to protect its registered trademark rights and interests and to avoid immediate and irreparable damage as caused by MOTO'S, CYCLE'S, BULL'S, BASORE'S and Defendants', and each of their infringement of the STORZ registered, incontestable trademark, CERIANI.

///

1    98.    Defendants, and each of them, inclusive of those acting in concert with said

2    Defendants, have engaged in ongoing acts prohibited by state law and federal law and regulations,

3    including, but not limited to, trademark infringement and unfair competition. All such claims arise

4    from a nucleus of operative facts common to those grounded in federal law, including, but not

5    limited to, The Lanham Act. Moreover, Plaintiff alleges said federal and state law violations were

6    and are part of an ongoing conspiracy by defendants and others acting in concert with them, to

7    infringe the registered trademark and/or other legitimate intellectual property rights of STORZ.

8    99.    STORZ is entitled to and shall request that Temporary Restraining Orders, and

9    Preliminary Injunctions and Permanent Injunctions be issued out of this Court to restrain MOTO,

10    CYCLE, BULL, BASORE, Defendants, and each of them, their officers, agents, partners, joint

11    venturers, servants, employees, representatives, and any person or entity acting in concert with or

12    collaterally with said Defendants, from directly or indirectly making or causing to be made, selling

13    or causing to be sold, or using or causing to be used, or promoting or causing to be promoted,

14    motorcycle suspension systems under the mark CERIANI or any colorable imitation thereof.

15    100.    STORZ is also entitled to, and shall request that this Court order MOTO, CYCLE,

16    BULL, BASORE, Defendants, and each of them, and their officers, agents, partners, joint venturers,

17    servants, representatives, and/or employees, including, but not limited to, any person or entity acting

18    in concert with, or collaterally with, said Defendants, to deliver up to this Court for destruction all

19    articles infringing upon said registered, incontestable CERIANI trademark, or articles which by use

20    would infringe upon said CERIANI trademark, or any colorable imitation thereof, including, but not

21    limited to, catalogues, flyers, web sites or other methods of solicitation or communication.

22    101.    STORZ is entitled to and shall request that Temporary Restraining Orders, and

23    Preliminary Injunctions and Permanent Injunctions be issued out of this Court to restrain MOTO,

24    CYCLE, BULL, BASORE, Defendants, and each of them, their officers, agents, partners, joint

25    venturers, servants, employees, representatives, and any person or entity acting in concert with or

26    collaterally with said Defendants, from directly or indirectly, without limitation, importing or

27    inducing for any use, any motorcycle suspension system bearing or packaged or solicited under the

28    registered, incontestable trademark CERIANI, or any colorable imitation thereof.

STORZ v MOTO ITALIA                  - 20 -              COMPLAINT

1    102.    STORZ is entitled to and shall request that Temporary Restraining Orders, and

2    Preliminary Injunctions and Permanent Injunctions be issued out of this Court to require that MOTO,

3    CYCLE, BULL, BASORE, Defendants, their officers, agents, partners, joint venturers, servants,

4    employees, representatives, and any person or entity acting in concert with or collaterally with said

5    Defendants, account and deliver up to STORZ, either directly or via constructive or equitable trust,

6    all property, funds and/or benefits obtained, in whole or part, by Defendants' or any of their,

7    unconsented use of the STORZ intellectual property.

8    103.    STORZ is entitled to and shall request that Temporary Restraining Orders, and

9    Preliminary Injunctions and Permanent Injunctions be issued out of this Court to require that MOTO,

10    CYCLE, BULL, BASORE, Defendants, their officers, agents, partners, joint venturers, servants,

11    employees, representatives, and any person or entity acting in concert with or collaterally with said

12    Defendants, account and deliver up to this Court for destruction all tangible materials bearing the

13    registered, incontestable trademark CERIANI or colorable imitation thereof.

14    104.    STORZ is entitled to and shall request that Temporary Restraining Orders, and

15    Preliminary Injunctions and Permanent Injunctions be issued out of this Court to require that MOTO,

16    CYCLE, BULL, BASORE, Defendants, their officers, agents, partners, joint venturers, servants,

17    employees, representatives, and any person or entity acting in concert with or collaterally with said

18    Defendants, contact, in writing, all persons and/or entities who have received products or

19    publications of any kind bearing, in any manner, the registered trademark CERIANI and notify such

20    persons and/or entities that the trademark CERIANI is the registered, incontestable mark of STORZ;

21    and that proof of each such compliance be provided to STORZ.

22    105.    STORZ is also entitled to, and shall request that this Court order Defendants, and

23    each of them, to pay the costs thereof.

24    106.    STORZ is also entitled to, and shall request that this Court order Defendants, and

25    each of them, to pay STORZ's attorneys' fees and costs.

26    ///

27

28    ///

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff STORZ PERFORMANCE, INC. prays judgement of this Honorable Court, against Defendants, and each of them, jointly and severally, in the alternative, as follows:

### As to the First and Second Claims for Relief

1.      That, pursuant to, *inter alia*, 15 USC § 1116 and <u>FRCP</u>, Rule 65, an injunction be issued temporarily, preliminarily and permanently enjoining Defendants, and each of them, their principals, officers, directors, agents, servants employees and all those persons in active concert or participation with defendants from further use, inducing the use, contributory use, or importing for use, any motorcycle suspension system bearing, directly or in packaging, or in any advertising or solicitation, the trademark CERIANI®, or any colorable imitation thereof.

2.      That, pursuant to, *inter alia*, 15 USC § 1116 and <u>FRCP</u>, Rule 65, an injunction be issued temporarily, preliminarily and permanently ordering Defendants, and each of them, their principals, officers, directors, agents, servants employees and all those persons in active concert or participation with defendants to gather and deliver up for impoundment and destruction any and all materials, products or other tangible items bearing the mark CERIANI®, or any colorable imitation thereof, as used in connection with any motorcycle suspension system.

3.      That, pursuant to, *inter alia*, 15 USC § 1116 and <u>FRCP</u>, Rule 65, affirmative injunctive relief issue ordering that Defendants, and each of them, their principals, officers, directors, agents, servants employees and all those persons in active concert or participation with defendants, contact, in writing, all persons and/or entities who have received products or publications of any kind bearing, in any manner, the registered, incontestable mark CERIANI® [or any colorable imitation thereof], and notify said persons and/or entities that CERIANI is a registered trademark of STORZ; and that proof of each such compliance be provided to STORZ.

///

///

4.      That, pursuant to, *inter alia*, 15 USC § 1116 and <u>FRCP</u>, Rule 65, affirmative injunctive relief issue ordering Defendants, and each of them, their principals, officers, directors, agents, servants employees and all those persons in active concert or participation with defendants to account to STORZ for all sales, income or other benefits derived by said Defendants from their use of the registered, incontestable trademark CERIANI® or any colorable imitation thereof.

5.      That, pursuant to, *inter alia*, 15 USC § 1116 and <u>FRCP</u>, Rule 65, preliminary affirmative injunctive relief issue ordering Defendants, and each of them, their principals, officers, directors, agents, servants employees and all those persons in active concert or participation with defendants to place in constructive trust/equitable lien in favor of STORZ, all profits, income and benefits [inclusive of traced/transferred assets] derived from said Defendants' use of the STORZ registered, incontestable trademark CERIANI® or any colorable imitation thereof.

6.      That, pursuant to, *inter alia*, 15 USC § 1117, that judgement be entered in favor of STORZ and that STORZ be awarded all profits gained by Defendants, and/or appropriate monetary damages, with such damages being increased, and that such monetary award include pre-judgement interest from the date of first use by Defendants, at the highest legal rate permitted by law.

### As to the Third and Fourth Claims for Relief

7.      That, pursuant to, *inter alia*, 15 USC § 1114, <u>Cal. Bus. & Prof. C.</u>, §§ 17070, 17078 -17082, the Common Law and <u>FRCP</u>, Rule 65, an injunction be issued temporarily, preliminarily and permanently enjoining Defendants, and each of them, their principals, officers, directors, agents, servants employees and all those persons in active concert or participation with defendants from further use, inducing the use, contributory use, or importing for use, any motorcycle suspension system bearing, directly or in packaging, or in any advertising or solicitation, the STORZ registered, incontestable trademark CERIANI®, or any colorable imitation thereof.

///

///

8.      That, pursuant to, *inter alia*, 15 USC § 1114, <u>Cal. Bus. & Prof. C.</u>, §§ 17070, 17078 -17082, the Common Law,  and <u>FRCP</u>, Rule 65, an injunction be issued temporarily, preliminarily and permanently ordering Defendants, and each of them, their principals, officers, directors, agents, servants employees and all those persons in active concert or participation with defendants to gather and deliver up for impoundment and destruction any and all materials, products or other tangible items bearing the mark CERIANI, or any colorable imitation thereof, as used in connection with any motorcycle suspension system.

9.      That, pursuant to, *inter alia*, 15 USC § 1114, <u>Cal. Bus. & Prof. C.</u>, §§ 17070, 17078 -17082, the Common Law, and <u>FRCP</u>, Rule 65, affirmative injunctive relief issue ordering that Defendants, and each of them, their principals, officers, directors, agents, servants employees and all those persons in active concert or participation with defendants, contact, in writing, all persons and/or entities who have received products or publications of any kind bearing, in any manner, the registered mark CERIANI' [or any colorable imitation thereof], and notify said persons and/or entities that CERIANI® is a registered trademark of STORZ; and that proof of each such compliance be provided to STORZ.

10.     That, pursuant to, *inter alia*, 15 USC § 1114, <u>Cal. Bus. & Prof. C.</u>, §§ 17070, 17078 -17082, the Common Law, and <u>FRCP</u>, Rule 65, preliminary affirmative injunctive relief issue ordering Defendants, and each of them, their principals, officers, directors, agents, servants employees and all those persons in active concert or participation with defendants to account to STORZ for all sales, income or other benefits derived by said Defendants from their use of the mark CERIANI or any colorable imitation thereof.

11.     That, pursuant to, *inter alia*, 15 USC § 1114, <u>Cal. Bus. & Prof. C.</u>, §§ 17070, 17078 -17082, the Common Law, and <u>FRCP</u>, Rule 65, preliminary affirmative injunctive relief issue ordering Defendants, and each of them, their principals, officers, directors, agents, servants employees and all those persons in active concert or participation with defendants to place in constructive trust/ equitable lien in favor of STORZ, all profits, income and benefits [inclusive of traced/transferred assets] derived from said Defendants' use of the mark CERIANI or any colorable imitation thereof.

12.    That, pursuant to, *inter alia,* <u>Cal. Bus. & Prof. C.</u>, §§ 17070, 17078-17082, and the Common Law, that judgement be entered in favor of STORZ in an amount to be proven at time of trial, but not less than $ 75,000.00, with such damages being increased, or separate additional exemplary or punitive relief be awarded in accordance with <u>Cal.Civ.C.</u>, § 3294, and that such monetary award include an award of pre-judgement interest from the date of first use by Defendants, at the highest legal rate permitted by law, *inter alia,* <u>Cal.Civ.C.</u>, § 3287.

**As to the Fifth Claim for Relief**

13.    For an accounting by Defendants, and each of them, and any person or entity acting in concert with Defendants, including, but not limited to, any importers, contributors, distributors, suppliers or others, inclusive of any agreements amongst them, to STORZ, for any revenue or benefits attributable, in any manner, to the sale, solicitation for sale or use of the mark CERIANI, or any colorable imitation thereof, in connection with motorcycle suspension systems.

**As to the Sixth Claim for Relief**

14.    That, pursuant to, *inter alia,* 15 USC § 1116 and <u>FRCP</u>, Rule 65, an injunction be issued temporarily, preliminarily and permanently enjoining Defendants, and each of them, their principals, officers, directors, agents, servants employees and all those persons in active or collateral concert or participation with defendants from, directly or indirectly, making, causing to made, selling or causing to be sold, promoting or causing to be promoted, soliciting or causing to be solicited, use, inducing the use, contributory use, or importing for use, any motorcycle suspension system bearing, directly, indirectly, or in packaging, or in any advertising or solicitation in any manner whatsoever, the trademark CERIANI, or any colorable imitation thereof.

15.    That, pursuant to, *inter alia,* 15 USC § 1116 and <u>FRCP</u>, Rule 65, an injunction be issued temporarily, preliminarily and permanently ordering Defendants, and each of them, their principals, officers, directors, agents, servants employees and all those persons in active or collateral concert or participation with defendants to gather and deliver up for impoundment and destruction any and all materials, products or other tangible items bearing the mark CERIANI, or any colorable imitation thereof, as used in connection with any motorcycle suspension system, including, but not limited to, catalogues, flyers, web sites or other methods of solicitation or communication.

16.     That, pursuant to, *inter alia*, 15 USC § 1116 and <u>FRCP</u>, Rule 65, affirmative injunctive relief issue ordering that Defendants, and each of them, their principals, officers, directors, agents, servants employees and all those persons in active or collateral concert or participation with defendants, contact, in writing, all persons and/or entities who have received products or publications of any kind bearing, in any manner, the registered mark CERIANI [or any colorable imitation thereof], and notify said persons and/or entities that CERIANI® is a registered trademark of STORZ; and that proof of each such compliance be provided to STORZ.

17.     That, pursuant to, *inter alia*, 15 USC § 1116 and <u>FRCP</u>, Rule 65, preliminary affirmative injunctive relief issue ordering Defendants, and each of them, their principals, officers, directors, agents, servants employees and all those persons in active concert or participation with defendants to account to STORZ for all sales, income or other benefits derived by said Defendants from their use of the mark CERIANI or any colorable imitation thereof.

18.     That, pursuant to, *inter alia*, 15 USC § 1116 and <u>FRCP</u>, Rule 65, preliminary affirmative injunctive relief issue ordering Defendants, and each of them, their principals, officers, directors, agents, servants employees and all those persons in active concert or participation with defendants to place in constructive trust/equitable lien in favor of STORZ, all profits, income and benefits [inclusive of traced/transferred assets] derived from said Defendants' use of the mark CERIANI or any colorable imitation thereof.

### As to All Claims for Relief

19.     For STORZ' costs of suit incurred herein, pursuant to, *inter alia*, 15 USC § 1117;

20.     For STORZ' attorneys' fees and costs incurred herein, as provided by law, including, but not limited to, 15 USC § 1117;

21.     For increased damages on all appropriate claims, as provided by state and federal law, including, but not limited to, 15 USC § 1117;

22.     For a finding of joint and several liability as to all Defendants under, without limitation, partnership theory;

///

1    23.    For pre-judgement interest at the highest legal rate permitted as provided by law,

2  including, but not limited to Cal.Civ.C., § 3287; and

3    24.    For such other and further relief as this Court may deem just and proper, as provided

4  by state and federal law, including, but not limited to, 15 USC § 1117;

5                              Respectfully Submitted,

6  DATED:   November **20**, 2007

7                                        **GILLASPEY & GILLASPEY**

8

9                              By:

10                                   STEELE N. GILLASPEY, ESQ.,
                                     Attorney for Plaintiff,
11                                   STORZ PERFORMANCE, INC.

12                              **DEMAND FOR JURY**

13    Plaintiff STORZ PERFORMANCE, INC., hereby and herewith gives notice of its demand

14  for jury in accordance with all applicable laws and rules.

15  DATED:   November **20**, 2007

16

17

18                              STEELE N. GILLASPEY, ESQ.

19

20

21

22

23

24

25

26

27

28





## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.



In Testimony whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this seventeenth day of October 1995.

Bruce Lehman

Commissioner of Patents and Trademarks

PTO-130
(Rev. 8/80)



Int. Cl.: 12

Prior U.S. Cls.: 19, 21, 23, 31, 35 and 44

**United States Patent and Trademark Office**

Reg. No. 1,927,816
Registered Oct. 17, 1995

## TRADEMARK
### PRINCIPAL REGISTER

## CERIANI

STORZ PERFORMANCE, INC. (CALIFORNIA CORPORATION)
239 SOUTH OLIVE STREET
VENTURA, CA 930012539

FOR: MOTORCYCLE SUSPENSION SYS-
TEMS, IN CLASS 12 (U.S. CLS. 19, 21, 23, 31, 35
AND 44).

FIRST USE 5-13-1985; IN COMMERCE
5-13-1985.

SEC. 2(F).

SER. NO. 74-575,410, FILED 9-19-1994.

ANDREW BAXLEY, EXAMINING ATTORNEY

EX 2

FILED

00 DEC -4 AM 9: 57

BY: J Shank(s) DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STORZ PERFORMANCE, INC., a California corporation, | CASE NO. 00 CV 0629 JTM (CGA) |
| Plaintiff, | FINDINGS OF THE COURT; ENTRY OF CONSENT JUDGMENT; AND PERMANENT INJUNCTION |
| v. | |
| CHROME SPECIALITIES, INC., and DOES 1 to 100, inclusive, | *Honorable Jeffrey Miller*<br>*Honorable Cynthia G. Aaron* |
| Defendants. | |

ENTERED ON 12/4/00

ORIGINAL

## FINDINGS OF THE COURT

1.      Plaintiff Storz Performance, Inc. [hereinafter "Storz"] is the owner of United States Trademark Registration Number 1,927,816 for the mark Ceriani®;

2.      United States Trademark Registration Number 1,927,816 for the trademark "Ceriani" is valid;

3.      Defendant Chrome Specialities, Inc., by its use of the Storz trademark "Ceriani," which use was unconsented to by Storz, infringed the Storz registered trademark, "Ceriani,", and

4.      Defendant Chrome Specialities' unauthorized use of the Storz trademark constituted unfair competiton within the meaning of California law and the Common Law

## CONSENT JUDGMENT AND INJUNCTION

In accord with the above findings of the Court, Judgment is hereby entered in favor of Storz and against Chrome Specialties as follows:

1.      As to the First Claim for Relief, Trademark Infringement of the Registered Trademark Ceriani®, U.S. Registration Number 1,927,816: Plaintiff's trademark Ceriani® is found valid, and said trademark was infringed by Chrome Specialties as pled;

2.      As to the Second Claim for Relief, Lanham Act, § 43: Plaintiff's trademark Ceriani® is found valid, and said trademark was infringed by Chrome Specialties as pled;

3.      As to the Third and Fourth Claims for Relief, Unfair Competition: Chrome Specialties' use of the Ceriani® trademark constituted unfair competition as pled;

4.      As to the Fifth Claim for Relief, Accounting: Plaintiff Storz would be entitled to an accounting from Chrome Specialties absent any other agreement between the parties;

5.      Chrome Specialties, and all of its employees and agents, or any person or entity acting in concert with Chrome Specialties, are hereby permanently enjoined and restrained from:

      [a]      using the Storz Trademark Ceriani® or, without limitation, any reproduction, duplicate, copy, or colorable imitation thereof, in whole or part, on any, without limitation, goods, packaging, advertisements, solicitations for sale, offers for sale, or at all;

2

1          [b]     otherwise distributing or causing to be distributed any product utilizing the

2                 Storz Trademark, Ceriani®; and,

3          [c]     permitting or engaging in the import or export of any product utilizing the

4                 Storz Trademark, Ceriani® without express authorization from the lawful

5                 owner of the mark.

6        6.      Plaintiff Storz is entitled to damages and pre-judgment interest in an amount to be

7 determined by agreement between the parties;

8        7.      Plaintiff Storz is entitled to its costs incurred in the prosecution of this case in an

9 amount to be determined by agreement between the parties; and

10        8.      Plaintiff Storz is entitled to its reasonable attorneys' fees incurred in the prosecution of

11 this case in an amount to be determined by agreement between the parties. Plaintiff Storz will also be

12 entitled to its reasonable fees and costs incurred in any future proceeding which is required because of

13 a violation of the above permanent injunction.

14      **IT IS SO ORDERED.**

15 ENTERED:   12/1/✗⟩

16                                            

17                                     United States District Court Judge

18 Approved as to Form and content:

19

20 Steele/Gillaspey
     LATURNO GRAVES & GILLASPEY, APC
     Attorneys for Plaintiff,

21 STORZ PERFORMANCE, INC.

22

23 Approved as to Form and content:

24

25

     Denis R. Salmon

26 GIBSON, DUNN & CRUTCHER LLP
     Attorneys for Defendant

27 CHROME SPECIALTIES, INC.

28 45010720_1.DOC

FINDINGS OF THE COURT; ENTRY OF CONSENT JUDGMENT;
AND PERMANENT INJUNCTION                                00 CV 0629 JTM (CGA)

FILED

03 MAR 13  AM 8: 55

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIF.

BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STORZ PERFORMANCE, INC., a California corporation, ) ) ) | Case No. 01-CV-00218 IEG [JFS] |
| Plaintiff, ) ) | **JUDGMENT** |
| vs. ) ) | |
| TRANSWORLD WAREHOUSE SERVICE dba TWS-USA, INC., WIND TRADING NORTH AMERICA, INC., GIANDOMENICO BONI aka JOHN BONI, an individual, WIND TRADING, SRL, and DOES 1 to 100, Inclusive, ) ) ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

*Honorable Irma E. Gonzales*
*Honorable J. F. Stivens*

Presented By:

Steele N. Gillaspey, Esq.,
LATURNO GRAVES & GILLASPEY
225 Broadway, Suite 1530
San Diego, California 92101
Telephone:            619.234.3323
Facsimile:            619.234.1331
Attorney for Plaintiff,
STORZ PERFORMANCE, INC.

ENTERED ON 3/13/03

44

1    In accordance with the records of this case, the evidence presented, inclusive of establishment

2    of undisputed facts by the parties during pre-trial conferences, the Court issues the following:

3                                **FINDINGS OF FACT**

4    1.    Plaintiff Storz Performance, Inc. ("Storz") is the owner of the incontestable

5    trademark, and the trade dress, related to motorcycle forks and suspension systems solicited and sold

6    under the name trademark "CERIANI" (Reference is made to pre-trial rulings of the Court);

7    2.    The Storz mark and dress are inherently distinctive and identify Storz in the

8    motorcycle fork and suspension system market;

9    3.    Storz' trademark and dress are valid, and are further supported by the issuance of

10    United States Registration No. 1,927,816, inclusive of grant of incontestable status by the U.S.

11    Trademark Office, and by the issuance of related design and utility patents issued by the U.S. Patent

12    Office with respect to motorcycle forks and suspension systems (U.S. D417,416 - Storz/Ceriani; U.S.

13    6,082,479) ("the Storz intellectual property");

14    5.    Defendant Giandomenico Boni aka John Boni ("Boni") is an individual and a

15    controlling owner of Defendant Wind Trading SRL, ("Wind") which in turn owns and/or controls

16    Defendant Transworld Warehouse Service dba TWS-USA, Inc. ("TWS");

17    6.    TWS is part of TWS World Wide, which is also affiliated with WIND. TWS World

18    Wide also does business as TWS Tech, TWS Central Europe, TWS Brazil, TWS Spain, and TWS

19    GB (Great Britain) ("TWS");

20    7.    Boni, Wind and TWS further do business under the names of and/or control such

21    entities known as Wind Racing, Wind Raceware, WRP, W2 Boots, and Wind Trading Magazine.

22    Boni and Wind also did business and controlled Wind Trading North America, Inc.;

23    8.    Boni, individually, and in concert with other persons and entities, solicited and sold

24    motorcycle forks and suspension systems using the Storz intellectual property, including the Ceriani

25    mark. Boni, and others, intentionally induced Wind, TWS and the related companies, above, to

26    solicit, sell and infringe the Storz intellectual properties. Boni, Wind, TWS and the related persons

27    and entities intentionally infringed the Storz intellectual properties;

28

9.    Jurisdiction and venue as to all Defendants, including related entities, is proper.

10.    Based upon the admissible evidence, the Court finds that Defendants' average selling price per infringing item was $ 1,400.00 per unit.  Reference is made to Defendants' invoices to their identified clients (attorney eyes only documents);

11.    Based upon admissible evidence, Court finds that Defendants sold 2,496 units which infringed. Reference is made to Defendants' invoices to their identified clients (attorney eyes only documents);

12.    Based upon admissible evidence, the Court finds that Defendants' gross profit percentage earned through intentional infringement was thirty percent (30%) of sales.

### JUDGMENT

1.    The Injunction as previously issued is confirmed as permanent as to all the Storz intellectual properties as to Boni, Wind, TWS and all related or affiliated entities or business identities which may include, but not necessarily limited to:

    (A)    TWS Tech, TWS Central Europe, TWS Brazil, TWS Spain,  TWS GB (Great Britain), Wind Racing, Wind Raceware, WRP, W2 Boots,  Wind Trading Magazine, Wind Trading North America, and,

    (B)    all persons and entities acting concert with any of them;

The Court retains jurisdiction over all issues, persons and entities with respect to the Injunction.

2.    Judgment is entered in favor of Storz Performance, Inc. on all claims and against Boni, Wind, and TWS, inclusive of the related entities, and each of them, inclusive of affirmative defenses;

3.    Monetary judgment in the amount of **$ 1,048,320.00** is entered in favor of Plaintiff, STORZ PERFORMANCE, INC., to carry interest at the legal rate of ten percent (10%) from date of entry forward until satisfied. Judgment is entered jointly and severally as to Boni, Wind, and TWS, inclusive of the related entities, and each of them; and,

///

///

4.      Plaintiff STORZ PERFORMANCE, INC., in addition to the damages awarded in Item
3, hereinabove, is entitled to an additional award of its fees and costs incurred herein as to Boni,
Wind, and TWS, inclusive of the related entities, and each of them, jointly and severally.

ENTERED:

3/12/03

UNITED STATES DISTRICT COURT JUDGE

**APPROVED AS TO FORM & CONTENT:**

MICHAEL DOLAND, ESQ.
Attorney for Defendants

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 144839   — BH**

**November 27. 2007
12:14:37**

**Civ Fil Non-Pris**
USAO #.: 07CV2242 CIVIL FILING
Judge..: THOMAS J WHELAN
Amount.:                    $350.00 CK
Check#.: BC# 3294

**Total—> $350.00**

FROM: STORZ PERFORMANCE V. MOTO
       ITALIA ET AL
       CIVIL FILING

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
STORZ PERFORMANCE, INC.

**DEFENDANTS**
MOTOR 27, A; LESLIE BULL; CYCLE PERFORMANCE PRODUCTS, INC.; JOHN SASORE

FILED

**(b)** County of Residence of First Listed Plaintiff  Kern County, California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Steele N. Gillaspey, Esq., (145935), Gillaspey & Gillaspey, The NBC Tower, 225 Broadway, Suite 2220, San Diego, CA  619 234 3700

Attorneys (If Known)
Unknown

DEPUTY

07 CV 2242 W (WMC)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

Appeal to District Judge from Magistrate Judgment

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Lanham Act, 28 USC 1114, et seq.

Brief description of cause:
Infringement of United States Registered Trademark

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ TKO

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE  28 Nov 2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 144839    AMOUNT $350  11/27/07 BM    APPLYING IFP

JUDGE

MAG. JUDGE