1    Steele N. Gillaspey, Esq.
     State Bar No. 145935
2    **GILLASPEY & GILLASPEY**
     The NBC Tower
3    225 Broadway, Suite 2220
     San Diego, California        92101
4    Telephone:        619.234.3700
     Attorney for Plaintiff,
5    STORZ PERFORMANCE, INC.

6

7

8                    **UNITED STATES DISTRICT COURT**
                    **SOUTHERN DISTRICT OF CALIFORNIA**
9

10   STORZ PERFORMANCE, INC.,          )    Case No. 3:07-CV-02242 W (WMC)
     a California corporation,          )
11                                      )
                                        )
               Plaintiff,               )
12        vs.                           )
                                        )
13   MOTO ITALIA, form unknown;         )
     LESLIE BULL, an individual;        )
14   CYCLE PERFORMANCE                  )
     PRODUCTS, INC.; JOHN BASORE,       )    DATE:      September 15, 2008
15   an individual, and, DOES 1 to 100, )
     Inclusive,                         )    TIME:      10:00 a.m.
16                                      )
               Defendants.             )    PLACE:     HON. THOMAS J. WHELAN
17   _____ )               Courtroom Number 7

18

19

20

21              **PLAINTIFF STORZ PERFORMANCE, INC.'S**
                **MEMORANDUM POINTS & AUTHORITIES IN**
22              **SUPPORT OF ENTRY OF RULE 55 JUDGMENT**

23

24

25
                              Honorable Thomas J. Whelan
26                            United States District Court Judge

27
                              Honorable William McCurine, Jr.
28                            United States Magistrate Judge

## TABLE OF CONTENTS

I.   FACTS PERTINENT TO THIS MOTION

   A.   The Storz Trademark - Ceriani® ............................................................. 2

   B.   The Accused Use........................................................................................ 2

   C.   Immediate and Actual Harm..................................................................... 3

II.  ARGUMENT FOR INJUNCTION

   A    The Legal Standard for Grant of ............................................................. 4
        Injunctive Relief

   B.   Application of Standards to the ............................................................... 5
        Facts of this Case

        1.   Probability of Success................................................................... 5
             On the Merits

        2.   Success on Merits Established....................................................... 6

             Significant Threat of
             Irreparable Injury........................................................................... 7

             Likelihood of Confusion................................................................ 7

             Injury Established............................................................................ 8

        3.   Balancing Test................................................................................ 8

             Plaintiff Facts Support Issuance
             To Enjoin Infringement.................................................................. 9

             Defendant Facts Support Issuance................................................. 9

             Balance of Scales Overwhelmingly
             Favor Plaintiff................................................................................ 9

        4.   Public Policy Favors Plaintiff....................................................... 10

III. ARGUMENT FOR ACCOUNTING........................................................... 10

IV.  CONCLUSION............................................................................................. 12

# TABLE OF AUTHORITIES

AMF v Sleekcraft Boat.................................................................................... 7
559 F.2d 341 (9th Cir. 1979)

Amica Production Co. v Village of Gamble, Alaska......................................... 9
480 u.s. 531 (1987)

Dreamwerks Production Group, Inc. v SKG Studio.......................................... 7
142 FJd 1127 (9th Cir. 1998)

Metro Publishing, Ltd v San Jose Mercury News............................................. 5
927 F.2d 637 (9th Cir. 1993)

New England Braiding Company, Inc. vA.W Chesterton Co............................ 4
970 F.2d 878 (Fed Cir. 1992)

Park N' Fly vs. Dollar Park & Fly, Inc. ........................................................... 6
469 U.S. 189 (1985)

Sega Enterprise v Accolade, Inc....................................................................... 5
977 F.2d 1510 (9th Cir. 1992)

Sun Microsystems, Inc. v Microsoft Corp.......................................................... 5
188 F.3d 1115 (9th Cir. 1999)

Vehicular Technologies Corp. v Titan Wheel International, Inc......................... 4,10
14 F.3d 1084 (Fed. Cir. 1998)

Vision Sports, Inc. v Melville Corp................................................................... 4, 7
888 F.2d 609 (Fed. Cir. 1989)

Zenith Laboratories, Inc. v Eli Lilly & Co........................................................ 7
460 F.Supp 812 (1978)

///

Lanham Act ......................................................................... 2, 4, 5, 6, 7, 9, 10, 12

Trademark Act of 1946......................................................... 4

United States Constitution.................................................... 4, 10, 12

15 U.S.C § 1114................................................................... 7

15 U.S.C § 1115................................................................... 6, 9

15 U.S.C § 1116................................................................... 4,5,9,10

15 U.S.C. § 1127................................................................. 3

Fed.R.Civ.P., 65................................................................. 5

1   COMES NOW Storz Performance, Inc., [hereafter "Storz"], Plaintiff in the above entitled

2   action, who moves this Honorable Court for judgment entering permanent injunctive relief against

3   Defendants and each of them, based upon Storz' rights under registered trademark as issued by the

4   U.S. Patent & Trademark Office and for accounting.  The Storz Complaint seeks, *inter alia*,

5   injunctive relief and accounting by which to determine damages.

6   ## I.    FACTS PERTINENT TO THIS MOTION

7   ### A.    The Storz Trademark - CERIANI® [Pronounced Chair - Ree - Ahn - Knee]

8   As averred in the Complaint on file herein, Storz is engaged in the manufacture and sale of

9   motorcycle components, accessories and related products, specifically including forks and

10  suspension systems. Storz has been selling such products world wide for many years. Commencing

11  in May 1985, Storz sold its products under the unregistered trademark, Ceriani™, Storz subsequently

12  applied for, and then received, a California trademark for Ceriani, bearing California Trademark

13  Registration No. 099673.

14  Storz thereafter applied for and thereafter received registration of the Ceriani mark before

15  the United States Patent & Trademark Office, bearing U.S. Registration No. 1,927,816. Storz use

16  of the trademark, Ceriani®, has been continuous, the subject of continual advertising and promotion,

17  and has become famous for identifying Storz as the manufacturer and seller of those motorcycle

18  components, accessories and related products sold under the Ceriani® trademark.

19  The U.S. Patent & Trademark Office thereafter granted the Storz Ceriani® trademark

20  incontestable status in accordance with Section 15 of the Lanham Act.

21  The validity and ownership of the Storz Ceriani trademark has been upheld in the United

22  States District Courts (Judgments of Infringement against accused defendants) in 2000 and 2003.

23  ### B.    The Accused Use

24  Defendants have been importing for sale, offering for sale and selling motorcycle parts,

25  components and accessories, namely front fork suspension systems for motorcycles, throughout the

26  United States, inclusive of California, under the name 'Ceriani'. Defendants have no consent from

27  Storz to use the Ceriani mark.

28  ///

STORZ v MOTO ITALIA                        - 2 -        STORZ P&A R55 JUDGMENT 3:07CV02242

1        Both Storz and Defendants target the same channel of commerce, namely the after market

2 of motorcycle related products. For example, a person purchases a Harley-Davidson® motorcycle,

3 which comes in factory or OEM [original equipment manufacture]. Many such purchasers then go

4 on to modify and customize the stock purchase motorcycle with after market products.

5        The market place is a specialty market place, albeit an overall small market, with significant

6 competition amongst the various producers of motorcycles and after market product for the

7 purchasing dollar.  In the motorcycle community, name recognition for quality takes a significant

8 period of time to build and establish, but once established provides continuing business. However,

9 even after establishment of recognition, same can be immediately and irretrieveably lost upon even

10 the perception of loss of quality in the name.

11        Storz has built the Ceriani® name to be a recognized name in that specialty sales channel for

12 after market forks and suspension systems, which Ceriani mark identifies Storz. Defendants' use of

13 the Storz trademark Ceriani® in conjunction with the sale or offering for sale of motorcycle parts,

14 components and accessories, specifically including motorcycle suspension system components,

15 infringes the Storz registered trademark, dilutes the Storz trademark, and constitutes unfair

16 competition and palming off, all which conduct constitutes damages not adequately compensable

17 at law. Storz Declaration.

18     **C.**    **Immediate and Actual Harm**

19        Defendants have advertised and continue to advertise products bearing the Storz trademark

20 Ceriani, passing off such products as theirs, without right and without consent of Storz. New

21 catalogues have recently been distributed (paper or on-going active website) by Defendants, and the

22 trade show circuit is on-going. The harm is found by Defendants' continuing infringement of a

23 registered U.S. Trademark, as well as the acts of unfair competition under California law and/or the

24 common law. A trademark is "*any word, name [or] symbol...adopted and used by a manufacturer*

25 *or merchant to identify his goods and distinguish them from those manufactured or sold by others*".

26 I5 USC § 1127. The Storz Ceriani® trademark has been used for many years to identify and

27 distinguish the Storz motorcycle accessories and related materials, specifically motorcycle

28 suspension systems, from others in the market place. It is a recognized mark of long standing,

1  inclusive of formal protection under the Trademark Laws. Unauthorized use of a copy of the mark
2  is likely to cause confusion ["Ceriani" compared to "Ceriani"].

3      Once a likelihood of confusion is shown, a <u>presumption of irreparable harm</u> is established
4  in favor of the trademark holder. <u>Vision Sports, Inc. v. Melville Corp.</u>, 888 F.2d 609, 612 [fn 3
5  citation omitted] (Fed.Cir. 1989).

6  **II.**    **ARGUMENT IN FAVOR OF INJUNCTION**

7      **A.**    **The Legal Standards for Grant of Injunctive Relief**

8      Injunctive relief is an expressly authorized remedy where infringement of a Registered U.S.
9  Trademark is asserted. Congress, under its powers set forth in Article 1, § 8, clause 3 of the <u>United</u>
10  <u>States Constitution</u>, enacted the <u>Trademark Act of 1946</u>, commonly known as the <u>Lanham Act</u>. The
11  <u>Lanham Act</u>, at 15 USC § 1116(a) specifically authorizes the issuance of injunctive relief – "*The*
12  *several courts vested with jurisdiction of civil actions arising under this Chapter shall have power*
13  *to grant injunctions, according to the principles of equity and upon such terms as the court may*
14  *deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the*
15  *Patent and Trademark Office...*".

16                 **Standard for Preliminary is Met/Permanent Proper**

17      As established, Storz is the holder of U.S. Registration No. 1,927,816 for the trademark
18  Ceriani® for use in conjunction with motorcycle suspension systems. The Ceriani trademark was
19  granted incontestable status by the U.S. Patent & Trademark Office in 2001. <u>Storz Declaration</u>.
20  Under the facts of the case, the Court would properly grant preliminary injunctive relief. As
21  discussed by the Federal Circuit, when preliminary injunctive relief is sought "*at this preliminary*
22  *stage, the trial court does not resolve the validity question but rather must, as the court did here,*
23  *make an assessment of the persuasiveness of the challengees' evidence, recognizing that it is doing*
24  *so without all the evidence that may come out at trial*." <u>New England Braiding Co., Inc. v. A.W.</u>
25  <u>Chesterton Co.</u>, 970 F.2d 878, 882 (Fed. Cir. 1992). Further, "*the purpose of relief pendente lite is*
26  *to adjust the relationship of the parties during the litigation*", <u>Vehicular Technologies Corp. v. Titan</u>
27  <u>Wheel Intnl, Inc</u>, 141 F.3d 1084, 1096 (Fed. Cir. 1998).

28  ///

1    Here, Storz has used the trademark in commerce for **over twenty three (23) years**, was

2    originally issued a California State Registration, which mark was then issued a U.S. Registration,

3    which mark was also granted incontestable status, which registration is in full force and effect. The

4    United States District Courts have found that the U.S. Registered mark Ceriani® is valid and

5    exclusively owned by Storz, as part of prior judgments rendered in favor of Storz, inclusive of

6    injunctive relief and monetary damages. Storz Declaration; Gillaspey Declaration and Exhibits

7    (prior Court judgments).

8    This Court is fully empowered to issue the injunctive relief sought pursuant to the provisions

9    of the Lanham Act, 15 USC 1116(a) for infringement of a Registered United States Trademark, and

10    by the equity powers set forth in Fed.R.Civ.P., 65 (injunctive relief), Moreover, unfair competition

11    and business torts may further serve as grounds for injunctive relief, in accord with Ninth Circuit

12    decisions. See, Sun Microsystems, Inc. v. Microsqft Corp., 188 F.3d 1115 (9th Cir. 1999) citing to

13    Sega Enterprise v. Accolade. Inc, 977 F.2d 1510, 1517 (9th Cir. 1992) - unfair competition; FDIC

14    v. Garner, 125 F.3d 1272, 1277 (9th Cir. 1997) citing to Metro Publishing Ltd v. Sail Jose Mercury

15    News, 987 F.2d 637, 639 (9th Cir. 1993) (business torts). The standard test for injunctive relief rests

16    upon four elements:

17            1.    Probability of success on the merits;

18            2.    Significant threat of irreparable injury;

19            3.    A balancing test of hardships between the parties, where the scales

20            are found to tip, even slightly, in favor of movant; and,

21            4.    The existence of any public policy or interest that favors grant of

22            relief.

23    **B.    Application of Standards to the Facts of this Case**

24        **I.    Probability of Success on the Merits**

25    Plaintiff contends that Defendants, without consent, use, sell, offer to sell and/or distribute

26    a motorcycle suspension system under the name Ceriani®. The Ceriani® trademark is registered and

27    owned by Storz. Storz Declaration; Gillaspey Declaration and Exhibits. Plaintiff submits that the

28    evidence establishes the following facts:

[1]    The trademark Ceriani® was registered by and is owned by, STORZ for motorcycle suspension systems. Complaint, Exhibit 1; Storz Declaration; Gillaspey Declaration;

[2]    Defendants use the Ceriani mark in conjunction with the sale, use, solicitation for sale and/or distribution of motorcycle suspension systems. Gillaspey Declaration and Exhibits (website/internet advertising);

[3]    Defendants' use of the Storz Ceriani® trademark, is without consent of the registrant. Storz Declaration; and,

[4]    Defendants, in derogation of the Storz ownership of U.S. Trademark Registration No. 1,927,816 (an incontestable mark per the USPTO), intentionally and wilfully use the Storz mark Ceriani® to sell and/or solicit the sale of motorcycle suspension systems. Storz Declaration; Gillaspey Declaration and Exhibits:

[5]    Prior U.S. District Courts have found the Storz Ceriani® trademark to be valid and to be owned by Storz as part of judgments of infringement, inclusive of entry of permanent injunctions. Complaint, Exhibits 2, 3; Gillaspey Declaration and Exhibits;

Defendants' unconsented use of the Storz' registered trademark constitutes a violation of the Lanham Act, and Storz is entitled to seek injunctive relief to prohibit further and continuing infringement of its intellectual property rights.

## II.    Success on Merits Established

A trademark granted incontestable status by the U.S. Patent & Trademark Office confers upon said mark certain conclusive evidentiary benefits. Incontestability constitutes "*conclusive evidence of the validity of the registration of the mark...and of registrant's exclusive right to use the registered mark in commerce*". 15 USC § 1115(b); Park N' Fly vs. Dollar Park & Fly, Inc., 469 U.S. 189 (1985).

It is submitted that the facts and evidence have substantially met the test of probability of success on the merits for purposes of both interlocutory and permanent relief as pled.

///

STORZ v MOTO ITALIA                - 6 -        STORZ P&A R55 JUDGMENT 3:07CV02242

1    ///

2              **III.    Significant Threat of Irreparable Injury**

3          As above, the <u>Lanham Act</u> sets forth the evidentiary presumption that an issued trademark

4    is valid.   Where, as here, the Court is presented with a substantial showing of probability of success

5    on the merits, coupled with continuing infringement, a further presumption of irreparable harm is

6    established sufficient for issuance of injunctive relief.  <u>Zenith Laboratories, Inc. vs. Eli Lilly & Co.</u>,

7    201 USPQ 324, 331; 460 F.Supp. 812 (1978); <u>Vision Sports</u>, 888 F.2d at 612.

8          The evidence is clear in establishing that Defendants not only originally infringed the mark,

9    they continued to deliberately and intentionally infringe after express notice by Storz, inclusive of

10   notice of prior Court rulings and judgments.  <u>Storz Declaration</u>.

11             **IV.    Likelihood of Confusion**

12         The key question in trademark infringement cases is whether there is a likelihood of

13   confusion, i.e.: whether a reasonably prudent consumer in the marketplace is likely to be confused

14   as to the goods bearing the subject mark.  <u>Dreamwerks Production Group, LLC. vs. SKG Studio</u>,

15   142 F.3rd 1127, 1129 (9th Cir 1998). The trademark is "*juxtaposed against another's usage to*

16   *determine whether or not the two [names] used by the two sellers is likely to cause confuse*

17   *consumers*". <u>McCarthy</u>, *Trademarks & Unfair Competition*, §2.2, at 52 (1984); 15 USC § I I 14.

18         The <u>Dreamwerks</u> Court adopted the <u>Sleekcraft</u> test enumerated in <u>AMF, Inc. vs.. Sleekcraft</u>

19   <u>Boats</u>, 559 F.2d 341, 348-49 (9th Cir. 1979). wherein the Court looks to the following factors:

20             [1]     strength of mark;

21             [2]     proximity or relatedness of goods;

22             [3]     similarity of sight, sound and meaning;

23             [4]     evidence of actual confusion;

24             [5]     marketing channels;

25             [6]     type of goods and purchaser care;

26             [7]     intent; and

27             [8]     likelihood of expansion.

28         Applying the <u>Sleekcraft</u> Test under <u>Dreamwerks</u>, Storz clearly establishes the requisite

1    likelihood of confusion:

2                    [1]    The Ceriani® mark is strong, having been in the marketplace for over 23
3                    years;

4                    [2]    the same goods are involved, namely motorcycle suspension systems;

5                    [4]    Defendants use the exact mark registered to Storz, namely Ceriani®,
6                    Defendants actually copy the mark "Ceriani";

7                    [4]    the Storz Declaration evidences actual confusion;

8                    [5]    Both Storz and Defendants are in the same speciality marketing channel
9                    namely the motorcycle accessory/equipment aftermarket;

10                   [6]    Both Storz and Defendants target the same goods to the same purchaser
11                   group, motorcycle suspension systems and related products to motorcycle riders;

12                   [7]    Defendants are intentionally using the mark without consent, with knowledge
13                   of the Storz trademark rights.

14   Complaint, Exhibits 1 to 3; Storz Declaration; Gillaspey Declaration and Exhibits.

15          A key factor in this area of review is the similarity of the competing uses. Similarity in this
16   context is based upon assessment of sight, sound and meaning. The registered mark is Ceriani. The
17   accused term is Ceriani. The sight and sound are the same. Ceriani is used by both to identify
18   motorcycle parts, accessories and related materials, specifically including motorcycle suspension
19   systems - the identification/meanings are also the same. As discussed in the Storz Declaration,
20   actual confusion has occurred. Moreover, Defendants' wrongful intent is shown by use of the mark
21   after notice.  Storz Declaration.

22                    **2.    Injury Established**

23          Storz submits that the facts establish infringement and requisite likelihood of confusion,
24   which, coupled with the presumptions of law/evidentiary presumptions (incontestable status), more
25   than sufficiently permit a finding of injury to support issuance of the injunctive relief as pled.

26                    **3.    Balancing Test**

27          Injunctive relief is an equitable remedy left to the sole discretion of the trial judge, who
28   should not just mechanically issue relief [ciles omitted]; however:

STORZ v MOTO ITALIA                      - 8 -        STORZ P&A R55 JUDGMENT 3:07CV02242

///

"*In each case, a court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding ofthe requested relief*". Amica Production Co. vs. Village of Gamble, Alaska, 480 U.S. 531, 537 (1987).

### 4.    Plaintiff Facts Support Issuance to Enjoin Infringement

1.    Constitutional Protections

2.    Protections afforded by Congress

3.    Presumption of Trademark ownership via Registration

4.    Presumption of irreparable injury

5.    Proof of actual infringement by use

6.    Presumed right to relief under law [15 USC§ 1116]

7.    Substantial showing of success on merits

8.    Prior findings and judgement ofthis Court, inclusive of issuance of permanent injunction on the same or similar facts/ different parties,

Complaint, Exhibits 1 to 3; Storz Declaration; Gillaspey Declaration and Exhibits.

### 5.    Defendants' Own Facts Support Issuance

A.    Defendants' use of Storz Trademark, Ceriani®;

B.    No consent to use Storz Trademark;

C.    Storz notice of Registered Trademark to Defendants;

D.    Defendants' continuing intentional and unconsented use of Storz Registered Trademark Ceriani®.

Storz Declaration; Gillaspey Declaration and Exhibits (defendants' active website/internet).

### 6.    Balance of Scales Overwhelmingly Favor Plaintiff

Defendants, as a matter of law, are prohibited from using, in any manner, a Registered Trademark without consent. 15 USC § 1115. The essence of rights granted under trademark is the right to exclude via resort to the federal court.  Failure to issue such relief would vitiate the fundamental purpose of gaining a trademark. Moreover, Defendants can use any other name they might desire – one not covered by the subject matter Registered Trademark.  It is submitted that the

STORZ v MOTO ITALIA                  - 9 -         STORZ P&A R55 JUDGMENT 3:07CV02242

1  balancing of the equities clearly favors Plaintiff and relief as requested is properly granted.

2          **7.    Public Policy Favors Plaintiff**

3          The Constitution of the United States and the enabling acts of the Congress establish a two

4  hundred year old public policy favoring the protection of trademark rights and the prohibition

5  against infringement.

6  **II.    ARGUMENT IN FAVOR OF ACCOUNTING**

7          As a matter of law, Storz is entitled to monetary damages based upon the Defendants' profits

8  made during the infringement.  Plaintiff is required only to prove Defendants' sales.  Defendants

9  then have the ability to assert and prove all elements of claimed costs or deductions.

10          In this instance, it is asserted that Defendants engaged in counterfeiting the Storz trademark

11  Ceriani, as defined by the Lanham Act:

12          *As used in this subsection the term "counterfeit mark" means--*

13                  *(i)    a counterfeit of a mark that is registered on the principal register in
14          the United States Patent and Trademark Office for such goods or services
                sold, offered for sale, or distributed and that is in use, whether or not the
                person against whom relief is sought knew such mark was so registered*
15  15 USC 1116(B).

16          The Lanham Act further provides for the monetary and other relief to which a Plaintiff is

17  entitled to seek against such infringers:

18          *a)    **Profits; damages and costs; attorney fees***

19                  *When a violation of any right of the registrant of a mark registered in the
20          Patent and Trademark Office, a violation under section 1125(a) or (d) of this title,
            or a willful violation under section 1125(c) of this title, shall have been established
21          in any civil action arising under this chapter, the plaintiff shall be entitled, subject
            to the provisions of sections 1111 and 1114 of this title, and subject to the principles
22          of equity, to recover (1) defendant's profits, (2) any damages sustained by the
            plaintiff, and (3) the costs of the action. The court shall assess such profits and
23          damages or cause the same to be assessed under its direction. In assessing profits
            the plaintiff shall be required to prove defendant's sales only; defendant must prove
24          all elements of cost or deduction claimed. In assessing damages the court may enter
            judgment, according to the circumstances of the case, for any sum above the amount
25          found as actual damages, not exceeding three times such amount. If the court shall
            find that the amount of the recovery based on profits is either inadequate or
26          excessive the court may in its discretion enter judgment for such sum as the court
            shall find to be just, according to the circumstances of the case. Such sum in either
27          of the above circumstances shall constitute compensation and not a penalty. The
            court in exceptional cases may award reasonable attorney fees to the prevailing
28  ///     party.*

STORZ v MOTO ITALIA                    - 10 -    STORZ P&A R55 JUDGMENT 3:07CV02242

1      ///

2          (b)    **_Treble damages for use of counterfeit mark_**

3              _In assessing damages under subsection (a) of this section, the court shall,
4      unless the court finds extenuating circumstances, enter judgment for three times such
       profits or damages, whichever is greater, together with a reasonable attorney's fee,
5      in the case of any violation of section 1114(1)(a) of this title or section 220506 of
       Title 36 that consists of intentionally using a mark or designation, knowing such
6      mark or designation is a counterfeit mark (as defined in section 1116(d) of this title),
       in connection with the sale, offering for sale, or distribution of goods or services. In
7      such cases, the court may in its discretion award prejudgment interest on such
       amount at an annual interest rate established under section 6621(a)(2) of Title 26,
8      commencing on the date of the service of the claimant's pleadings setting forth the
       claim for such entry and ending on the date such entry is made, or for such shorter
9      time as the court deems appropriate._

10         (c)    **_Statutory damages for use of counterfeit marks_**

11             _In a case involving the use of a counterfeit mark (as defined in section
       1116(d) of this title) in connection with the sale, offering for sale, or distribution of
12     goods or services, the plaintiff may elect, at any time before final judgment is
       rendered by the trial court, to recover, instead of actual damages and profits under
13     subsection (a) of this section, an award of statutory damages for any such use in
       connection with the sale, offering for sale, or distribution of goods or services in the
14     amount of--_

15             _(1)    not less than $500 or more than $100,000 per counterfeit mark per
       type of goods or services sold, offered for sale, or distributed, as the court
16     considers just; or_

17             _(2)    if the court finds that the use of the counterfeit mark was willful, not
       more than $1,000,000 per counterfeit mark per type of goods or services
18     sold, offered for sale, or distributed, as the court considers just._

19         (e)    **_Rebuttable presumption of willful violation_**

20             _In the case of a violation referred to in this section, it shall be a rebuttable
       presumption that the violation is willful for purposes of determining relief if the
21     violator, or a person acting in concert with the violator, knowingly provided or
       knowingly caused to be provided materially false contact information to a domain
22     name registrar, domain name registry, or other domain name registration authority
       in registering, maintaining, or renewing a domain name used in connection with the
23     violation. Nothing in this subsection limits what may be considered a willful
       violation under this section._

24           The principles of equity and the circumstances of this case clearly warrant affirmative orders

25     of this Court that Defendants provide to Plaintiff Storz a full and complete accounting (inclusive of

26     all back up materials) of all sales of all products utilizing the Ceriani name/mark by said Defendants.

27     By such accounting (inclusive of supplier information), the profits of Defendants may be determined

28     and this Honorable Court may then make such further judgment as it deems just and proper.

1   ///

2   **IV.    CONCLUSION**

3        Defendants are unequivocally counterfeiting the Storz trademark Ceriani® covered by U.S.

4   Trademark Registration No. 1,927,816 without consent. Defendants are therefore engaging in

5   trademark infringement in violation of both the U.S. Constitution and the Lanham Act as established

6   by Congress. Defendants are further engaged in unfair competition.

7        Injunctive relief is clearly proper where, as here, Plaintiff has met, with clear and convincing

8   evidence, the tests required for issuance, namely - probability of success on the merits; significant

9   threat of irreparable injury/likelihood of confusion/actual confusion [as a matter of law]; that in a

10  balancing test of equities between the parties, the scales tip, even slightly [in this case

11  overwhelmingly], in favor of Plaintiff; and, the existence of public policy [the Constitution and

12  Congress] favors grant of relief

13       Based upon the facts, evidence, and pleadings on file herein, it is submitted that the Court

14  properly grants judgment as follows:

15       1.    Defendants, and each of them, and all those acting in concert with said Defendants,

16             are prohibited from using in any form, without consent, the Storz trademark Ceriani® as

17             issued under U.S. Patent & Trademark Office Registration No. 1,927,816; and,

18       2.    Defendants, and each of them, and all those acting in concert with said Defendants,

19             are prohibited from selling, without consent, any product wherein the Storz trademark

20             Ceriani® is utilized, in any manner, in conjunction with said sale, on the product or upon any

21             packaging for such product; and,

22       3.    Defendants, and each of them, and all those acting in concert with said Defendants,

23             are prohibited from offering for sale, without consent, any product wherein the Storz

24             trademark, Ceriani® is utilized, in any manner, in conjunction with said sale, on the product

25             or upon any packaging for such product;

26       4.    Defendants, and each of them, and all those acting in concert with said Defendants,

27             be ordered to forthwith deliver to Plaintiff all advertising, catalogues, products, packaging,

28             or any other tangible item containing, in any manner, the Storz Registered Trademark,

1    Ceriani®;

2    5.    Defendants, and each of them, and all those acting in concert with said Defendants

3    be ordered to forthwith notify all persons or entities to whom solicitations have been

4    directed, or to whom sales have been made, that the Ceriani® trademark is owned by Storz;

5    and that Defendants are to provide proof of each such notification to Storz;

6    6.    Defendants, and each of them, and all those acting in concert with said Defendants

7    be ordered to forthwith fully and completely account to Storz for all sales of any products

8    bearing the Ceriani name/mark, inclusive of supplier identifications, if any; and,

9    7.    That the Court retain jurisdiction over this matter with respect to the issues of

10   accounting, damages, attorneys fees and costs.

11                              Respectfully submitted,

12   DATED:   July 18, 2008

13                                        GILLASPEY & GILLASPEY

14

15                              By:   /s/ *Steele N. Gillaspey*
                                      _____

16                                    Steele N. Gillaspey, Esq.,
17                                    Attorney for Plaintiff,
                                      STORZ PERFORMANCE, INC.

18

19

20

21

22

23

24

25

26

27

28

///

   I, the undersigned, do declare that I am employed in the county aforesaid; that I am over the age of eighteen [18] years and not a party to the within entitled action; and that I am executing this proof at the direction of a member of the bar of the above entitled Court.  The business address is:

GILLASPEY & GILLASPEY
The NBC Tower, 225 Broadway, Suite 2220
San Diego, California 92101

   ■     MAIL.  I am readily familiar with the business' practice for collection and processing of correspondence for mailing via the United States Postal Service and that the correspondence would be deposited with the United States Postal Service for collections that same day.

   ☐     FACSIMILE.  I am readily familiar with the business' practice for collection and processing of correspondence for electronic transmission and that the correspondence was successfully transmitted by facsimile that same day in the ordinary course of business.

   ☐     OVERNIGHT.  I am readily familiar with the business' practice for collection and processing of correspondence for overnight delivery/receipt next day via a major carrier such as UPS, FED EX, DHL or similar carrier, and same were deposited that same day.

   ☐     ELECTRONIC.  I am readily familiar with the business' practice for collection and processing of documents via its electronic (e-mail) system and said documents were successfully transmitted via e-mail that same day.

   ☐     PERSONAL.  The below described documents were personally served that day.

On the date indicated below, I served the within:

> Notice of Motion (Rule 55)
> Memorandum of Points & Authorities
> Storz Declaration
> Gillaspey Declaration & Exhibits
> [Proposed] Judgment

The above documents were served as set forth above and addressed as follows:

> Leslie Bull                          John Basore
> MOTO ITALIA                   CYCLE PERFORMANCE PRODUCTS
> 1060 Petaluma Blvd. N.     2724 Spring Garden Road
> Petaluma, CA 94952          Winston-Salem, NC 27106

   I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct and was **EXECUTED** on July 23, 2008 at San Diego, California.

                                        /s/ NICOLE HARRIS
                                        _____