

1  Steele N. Gillaspey, Esq.
   State Bar No. 145935
2  **GILLASPEY & GILLASPEY**
   The NBC Tower
3  225 Broadway, Suite 2220
   San Diego, California        92101
4  Telephone:        619.234.3700
   Attorney for Plaintiff,
5  STORZ PERFORMANCE, INC.

6

7

8              **UNITED STATES DISTRICT COURT**
               **SOUTHERN DISTRICT OF CALIFORNIA**
9

10 STORZ PERFORMANCE, INC.,          )    Case No.  3:07-CV-02242 W (WMC)
   a California corporation,          )
11                                    )
                      Plaintiff,      )
12         vs.                        )
                                      )
13 MOTO ITALIA, form unknown;         )
   LESLIE BULL, an individual;        )
14 CYCLE PERFORMANCE                  )    DATE:      September 15, 2008
   PRODUCTS, INC.; JOHN BASORE,       )
15 an individual, and, DOES 1 to 100, )    TIME:      10:30 a.m.
   Inclusive,                         )
16                                    )    COURT:     Courtroom No. 7
                      Defendants.     )               Honorable Thomas J. Whelan
17 _____   )

18

19

20

21                    **DECLARATION OF**
              **STEVE STORZ, ON BEHALF OF**
22               **STORZ PERFORMANCE, INC.**

23

24

25
                          Honorable Thomas J. Whelan
26                        United States District Court Judge

27
                          Honorable William McCurine, Jr.
28                        United States Magistrate Judge

STORZ v MOTO ITALIA                    STORZ DECLARATION  3:07CV02242

I, STEVE STORZ, do state and declare as follows:

1. I am the president of Storz Performance, Inc., the Plaintiff in the above entitled action I have personal knowledge of the following, and if called upon to testify, I could and would testify competently thereto.

2. I have read the Memorandum of Points and Authorities In Support of Motion for Preliminary Injunction, The facts stated therein are true to the best of my knowledge and belief.

3. Storz Performance, Inc., is a California corporation engaged in the business of selling motorcycle accessories, including motorcycle suspension systems.

4. Commencing in 1985, Storz Performance, Inc. sold motorcycle suspension systems and related products under the name Ceriani. Storz Performance, Inc. has continuously used the name Ceriani in conjunction with the sale of its motorcycle suspension systems and related products, and has continuously advertised and marketed the Ceriani name for motorcycle suspension systems and related products for some twenty three (23) years. The name Ceriani identifies the Storz Performance, Inc. product in the marketplace.

5. Storz Performance thereafter filed for a California state trademark for the Ceriani mark, which California mark issued to Storz.

6. Storz Performance subsequently, in 1994, filed a trademark application with the U.S. Patent &Trademark Office for the trademark Ceriani, for use in conjunction with motorcycle suspension systems.

7. The U.S. Patent & Trademark Office issued Trademark Registration No. 1,927,816 to Storz Performance, Inc. for the trademark, Ceriani®. The trademark was registered on the Principal Register in Class for use in conjunction with motorcycle suspension systems. Reference is made to Exhibit 1, filed with this Motion.

8. In October 2001, the U.S. Patent & Trademark Office granted the Storz Performance, Inc., Ceriani® trademark Incontestable Status.

9. Defendants have been, and are, using the Storz trademark Ceriani® in conjunction with the solicitation for sale and or sale of motorcycle products, namely, motorcycle suspension systems, Reference is made to Exhibit 2, filed with this Motion, a true and correct copy of active

1  internet/website marketing and sales.  Exhibit 2(a) is a September 2007 internet site copy, and

2  Exhibit 2(b) is a July 2008 internet site copy

3       10.    As shown, Moto Italia/Bull and Cycle Performance/Basore market products under

4  the "Ceriani" name together on the same website.  As further shown, Defendants have changed the

5  website since the lawsuit, but continue to market and sell products using the "Ceriani" mark, which

6  mark belongs to Storz Performance.

7       11.    None of the Defendants have consent from Storz to use the Storz registered trademark

8  Ceriani®.

9       12.    To the contrary, I spoke to the Defendant on more than one occasion to inform them

10  that I believed they wrongfully using the Storz Ceriani® trademark.  The Defendants nonetheless

11  continued to deliberately use the Storz mark thereafter, and continue to deliberately, intentionally

12  and wrongfully use the mark to this day.

13       13.    Defendants are creating confusion in the marketplace with respect to the Ceriani®

14  motorcycle suspension systems and related products. Our company has received telephone calls from

15  end users/purchasers concerning Ceriani motorcycle suspension systems. On investigation, the

16  people had purchased the suspension system from sources other than Storz, *i.e.*: from Defendants,

17  but because of the Storz trademark Ceriani® and its recognition as a Storz Performance product, said

18  persons contacted Storz.

19       14.    Storz has spent over twenty three years (since 1985) of time, expense and money

20  building up the recognition factor and goodwill of the Ceriani® trademark in the minds of the public

21  with regard to motorcycle suspension systems and related products. The market for such speciality

22  products, although not extremely large, is a crowded arena. Trademark recognition is essential in the

23  marketplace for Storz to compete and succeed, as it has done for many years. The Ceriani® trademark

24  is one of long and continuous use, and as intended, it has become recognized in the marketplace for

25  quality product.

26  ///

27

28  ///

15. Storz Performance has also litigated its trademark and intellectual properties before the United States Courts, specifically including the Ceriani® mark. Such litigation has resulted in judgments in favor of Storz Performance for such issues as validity, ownership and findings of infringement of the Storz mark. Injunctive relief and money damages were awarded.

16. As the communications we have received show, people in the marketplace have become confused by the unconsented use of the Ceriani® trademark; believing that we are the manufacturer of the knock off product, when we are not.

17. Any problems with such palmed off product will, naturally, become a taint on the Storz trademark. Defendants are harming the goodwill and recognition factor that Storz has spent many years of time and expense building, and is now trading off that goodwill and diluting the value of the Ceriani® trademark as well.

18. As recognized by the United States Patent & Trademark Office, and by the United States District Courts, the Ceriani® trademark is a valid, incontestable mark which is exclusively owned by Storz Performance, Inc.

I declare, under penalty of perjury under the Laws of the United States, that the foregoing is true and correct to best of my knowledge and belief, and to any matter stated under information and belief, I believe that matter to be true. Executed at Ventura, California on July 21, 2008.

/s/ *STEVE STORZ*

_____

STEVE STORZ

///

1    I, the undersigned, do declare that I am employed in the county aforesaid; that I am over the age of eighteen [18] years and not a party to the within entitled action; and that I am executing this proof at the direction of a member of the bar of the above entitled Court.  The business address is:

2

3                                   GILLASPEY & GILLASPEY
                                The NBC Tower, 225 Broadway, Suite 2220
4                                   San Diego, California 92101

5    ■    MAIL.  I am readily familiar with the business' practice for collection and processing of correspondence for mailing via the United States Postal Service and that the correspondence would be deposited with the United States Postal Service for collections that same day.

6

7    ☐    FACSIMILE.  I am readily familiar with the business' practice for collection and processing of correspondence for electronic transmission and that the correspondence was successfully transmitted by facsimile that same day in the ordinary course of business.

8

9    ☐    OVERNIGHT.  I am readily familiar with the business' practice for collection and processing of correspondence for overnight delivery/receipt next day via a major carrier such as UPS, FED EX, DHL or similar carrier, and same were deposited that same day.

10

11    ☐    ELECTRONIC.  I am readily familiar with the business' practice for collection and processing of documents via its electronic (e-mail) system and said documents were successfully transmitted via e-mail that same day.

12

13    ☐    PERSONAL.  The below described documents were personally served that day.

14    On the date indicated below, I served the within:

15                         Notice of Motion (Rule 55)
                         Memorandum of Points & Authorities
16                         Storz Declaration
                         Gillaspey Declaration & Exhibits
17                         [Proposed] Judgment

18    The above documents were served as set forth above and addressed as follows:

19             Leslie Bull                        John Basore
               MOTO ITALIA                        CYCLE PERFORMANCE PRODUCTS
20             1060 Petaluma Blvd. N.              2724 Spring Garden Road
               Petaluma, CA 94952                 Winston-Salem, NC 27106
21

22    I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct and was ***EXECUTED*** on July 23, 2008 at San Diego, California.

23                                             /s/ NICOLE HARRIS

24                                   _____

25

26

27

28    ///