UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STORZ PERFORMANCE, INC., a California Corporation,<br><br>                              Plaintiff,<br>     vs.<br><br>MOTO ITALIA, form unknown; LESLIE BULL, an individual; CYCLE PERFORMANCE PRODUCTS, INC.; JOHN BASORE, and individual, and; DOES 1 to 100, inclusive,<br><br>                              Defendants. | CASE NO.07-CV-2242 W (WMC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ENTRY OF RULE 55 DEFAULT JUDGMENT (DOC. NO. 22.)** |

   On November 27, 2007, Plaintiff Storz Performance ("Storz") commenced this trademark infringement action. Plaintiff now seeks default judgment against Defendants Moto Italia ("Moto"), Leslie Bull ("Bull"), Cycle Performance Products, Inc. ("Cycle"), and John Basore ("Basore") (collectively, "Defendants"). (Doc. No. 22.) None of the Defendants have ever properly appeared in this action and none have filed any opposition to this motion. The Court decides the matter on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1(d.1). For the reasons stated

herein, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion for entry of default judgment.

I. BACKGROUND

On November 27, 2007, Plaintiff filed this action for trademark infringement, unfair competition, accounting, and injunctive relief against Defendants. (Doc. No. 1.) Plaintiff is a manufacturer and purveyor of motorcycle accessories, many of which are marketed and sold under the "Ceriani" trademark. (Compl. 2:17-28.) Plaintiff alleges that Defendant Moto is a California entity of unknown form that markets and sells motorcycles and motorcycle accessories. (Compl. 3:4-13.) Plaintiff alleges that Defendant Cycle is a foreign corporation that produces and sells motorcycle accessories. (Compl. 3:18-27.) Also according to Plaintiff, Defendants Bull and Basore each serve as owner, director, or officer of Moto Italia and Cycle Performance Products, Inc., respectively. (Compl. 3:14-17; 4:1-6.)

Plaintiff's complaint and motion for default judgment allege the following. Beginning in 1985, Plaintiff has sold its products under the name "Ceriani." (Pl.'s Mot. 2:10-11.) Plaintiff subsequently registered this trademark both in California and with the United States Patent and Trademark Office. (Pl.'s Mot. 2:11-15.) Plaintiff claims that the "Ceriani" mark "has become famous for identifying Storz as the manufacturer and seller" of various products carrying the "Ceriani" name. (Pl.'s Mot. 2:16-18.) Amongst other products, Plaintiff designs and markets motorcycle fork suspension systems under the Ceriani name. (Pl.'s Mot. 2:24-26.)

Plaintiff further alleges that Defendants have been misappropriating the "Ceriani" name while importing and selling inferior motorcycle parts, components and accessories throughout the United States. (Pl.'s Mot. 2:24-26.) Plaintiff specifically claims that Defendants have been importing and selling motorcycle front fork suspension systems with the "Ceriani" label. (Pl.'s Mot. 2:24-26.)

On February 21 and 25, 2008, Plaintiff properly served Defendants with the Complaint. (Doc. Nos. 5, 6, 9, 10.) On March 24 and April 7, 2008 the Court rejected

ex parte communications attempted by Defendant Basore. (Doc. Nos. 16, 17.) To date, Defendants have failed to attempt any further filings or otherwise appear in this action.

In the instant Motion for Default Judgment, Plaintiff requests that the Court enjoin Defendants from using the "Ceriani" trademark under 15 U.S.C. § 1116(a), a provision of the statutory scheme commonly known as the Lanham Act. Plaintiff also asks that the Court order Defendants to provide Plaintiff with an accounting of all sales of products containing the "Ceriani" mark. Finally, Plaintiff requests that the Court retain jurisdiction regarding remaining monetary damages issues following Defendants' accounting.

## II.   LEGAL STANDARD

Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications to the court for default judgment. See Fed. R. Civ. P. 55(b)(2). Default judgment is available as long as the plaintiff establishes (1) defendant has been served with the summons and complaint and default was entered for their failure to appear; (2) defendant is neither a minor nor an incompetent person; (3) defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared in the action, that defendant was provided with notice of the application for default judgment at least three days prior to the hearing. See, e.g., 50 U.S.C. § 521; Fed. R. Civ. P. 55; Twentieth Century Fox Film Corp. v. Streeter, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).

Entry of default judgment is within the trial court's discretion. See Taylor Made Golf Co. v. Carsten Sports, Ltd., 175 F.R.D. 658, 660 (S.D. Cal. 1997) (Brewster, J.) (citing Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956)). In making this determination, the court considers the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute

concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Upon entry of default, the factual allegations in plaintiff's complaint, except those relating to damages, are deemed admitted. E.g., Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). Respecting the damages determination, the general rule is that well-pled allegations in the complaint regarding liability are deemed true and the court is not required to make detailed findings of fact. See Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) (finding that the district court's factual findings were sufficiently supported by evidence in the record). If sufficiently documented and detailed, damages claims may be fixed by an accounting, declarations or affidavits. See James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993).

### III. DISCUSSION

#### A. LIABILITY: DEFENDANTS BASORE & BULL

Plaintiff claims that Defendants infringed on its "Ceriani" trademark by selling bogus products under the "Ceriani" name. Plaintiff seeks a default judgment on this trademark infringement claim under Rule 55(b)(2).

The Court finds that Plaintiff has not satisfied the preliminary requirements of Rule 55(b)(2) for Defendants Bull and Basore. Before the Court may enter default judgment, the party seeking judgment must first show that the opposing party is not a minor, incompetent, or a member of the military. Because Defendants Bull and Basore are natural persons, default judgment may not be entered against either party unless Plaintiff files affidavits showing that these Defendants are not currently in military service, minors, or incompetent. Only when that prerequisite is satisfied may the Court enter default judgment against Defendants Bull and Basore. Accordingly, the Court **DENIES** the Motion for Default Judgment against Defendants Bull and Basore. The

remainder of this Order applies only to Defendants Cycle and Moto.

### B.     LIABILITY: DEFENDANTS CYCLE AND MOTO

In order to prevail on a trademark infringement action, the plaintiff must show (1) ownership of the allegedly infringed material and (2) that the alleged infringers violated its exclusive right to the mark. Marder v. Lopez, 450 F.3d 445, 453 (9th Cir. 2006). In order to show infringement, the plaintiff must show that the similarity of the marks creates a likelihood of consumer confusion. See E & J Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1290 (9th Cir. 1992) ("The core element of trademark infringement is the likelihood of confusion, i.e., whether the similarity of the marks is likely to confuse consumers about the source of the products"). In order to determine the likelihood of consumer confusion, the Court must weigh each of the following eight factors: (1) strength of the trademark; (2) proximity of the goods; (3) similarity in appearance, sound and meaning; (4) evidence of consumer confusion; (5) type of goods in question; (6) marketing channels; (7) likelihood of expansion of the product lines; (8) intent. See Eclipse Assoc. Ltd. v. Data General Corp., 894 F.2d 1114, 1116 (9th Cir. 1990).

As a preliminary matter, the Court finds that Plaintiff has satisfied the threshold requirements for default judgment under Federal Rule of Civil Procedure 55 regarding Defendants Cycle and Moto. Defendants have been served with the complaint and summons. Defendants Cycle and Moto are corporations, and thus not minors, incompetents, or subject to the Soldiers and Sailors Relief Act of 1940. Defendants were served with this motion in July, as well as the clerk's entry of default. To date, the Court has received no opposition to the motion for entry of default judgment. Furthermore, since Defendants have never appeared in this action, Plaintiff was not required to serve them with notice of the application for default judgment. See Taylor Made Golf Co.,175 F.R.D. at 661 (acknowledging that notice of application for default judgment is not required by Fed. R. Civ. P. 55(b)(2) for a party that has never appeared

in the action).

The Court next considers the Ninth Circuit's default judgment factors and finds that Plaintiff's pleadings support granting the motion. See Marder, 450 F.3d at 453; Eitel, 782 F.2d at 1471–72. Defendants are liable because Plaintiff has demonstrated exclusive ownership of the trademark at issue. (Pl.'s Mot. Ex. 2.) Plaintiff has also shown that Defendants have infringed Plaintiff's exclusive trademark rights by using Plaintiff's mark without permission. In fact, Plaintiff's pleadings show that the marketing channels, appearance, sound and meaning of the "Ceriani" mark used by both parties are identical. In sum, the Court finds that the complaint's allegations adequately establish liability on the trademark infringement claim.

The Court further concludes that a default judgment against Defendants is appropriate and should be granted. Plaintiff will be prejudiced if default judgment is denied because Plaintiff will have no other recourse for recovery. Furthermore, because the only remedy sought at this stage of the proceedings is an injunction and not monetary damages, Defendants will not be unduly disadvantaged by a default judgment at this time. Finally, because Defendants were properly served with the complaint, Defendants' default is not a result of excusable neglect. The Court therefore **GRANTS** the Motion for Default Judgment against Defendants Cycle and Moto.

### C. DAMAGES AND REMEDIES

Plaintiff also seeks an injunction against Defendants to prevent them from selling, marketing, or using any products under the "Ceriani" name.

The Lanham Act authorizes the Court to issue permanent injunctions to prevent future trademark infringements. 15 U.S.C. § 1116(a). A permanent injunction is warranted when there is no reason to believe that the infringing party will cease the infringement without an injunction. See Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1023 (9th Cir. 2002). "As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing

violations." <u>Mai Systems Corp. v. Peak Computer, Inc.</u>, 991 F.2d 511, 520 (9th Cir. 1993).

Plaintiff alleges (and by default it is established) that Defendants are selling similar motorcycle suspension systems marked with a false "Ceriani" label to the same segment of consumers targeted by Plaintiff. Plaintiff has proven that it has the exclusive right to use the "Ceriani" trademark, and that Defendants have used a mark substantially similar, if not identical, to the "Ceriani" mark. Moreover, because Defendants have failed to appear, refusal to grant an injunction would leave Plaintiff with no recourse at this time other than the required accounting. Because Plaintiff has sufficiently proven trademark infringement and there is no reason to believe that Defendants would discontinue infringement absent an injunction, the Court **ORDERS** a permanent injunction as more clearly explicated below.

### IV. CONCLUSION & INJUNCTION

In light of the foregoing, the Court **GRANTS** Plaintiff's motion for default judgment against Defendants Cycle and Moto. The Court further **ORDERS** that Defendants Cycle and Moto are prohibited from using, selling, or offering for sale any product or packaging containing the "Ceriani" mark. Defendants Cycle and Moto are **ORDERED** to deliver to Plaintiff all advertising materials, products, packaging, catalogues, and any other tangible item containing the "Ceriani" mark, as well as to notify persons or entities to whom solicitations or sales have been made regarding the trademark infringing nature of Defendants Cycle and Moto's sales. Furthermore, Defendants Cycle and Moto are **ORDERED** to **FULLY AND COMPLETELY ACCOUNT** to Plaintiff for all sales of any products bearing the "Ceriani" mark, including identifying the suppliers through which the products were obtained.

At this time, the Court finds it premature to grant default judgment against Defendants Bull and Basore without further proof from Plaintiff that neither of these Defendants is in the military, a minor, or incompetent. Therefore, the Court **DENIES** the motion for default judgment against Defendants Bull and Basore **WITHOUT**

1 **PREJUDICE**.  Should Plaintiff choose, it may file an amended motion containing the
2 requisite affidavits no later than **October 6, 2008.**
3     The Court retains jurisdiction to determine further damages and liability following
4 an accounting from Defendants Cycle and Moto.  The Court refers the remaining
5 damages issues to the Magistrate Judge for a Report and Recommendation on any
6 monetary damages, including costs and attorneys' fees, following the accounting.

9     **IT IS SO ORDERED.**

12 DATED:  September 15, 2008

_____
Hon. Thomas J. Whelan
United States District Judge